LAURA L. FERREE v. C. E. WALKER *et al.*

1. CASE-MADE — *Extension of Time.* When the time for making and serving a case-made has elapsed, the judge is without power to extend the time for that purpose, or to settle and sign a case which may thereafter be presented.

2. JURISDICTION, *Not Restored.* The jurisdiction of the judge to settle and sign a case having been lost by lapse of time, it cannot be restored by the agreement of the parties nor by any action which the judge with their consent may take.

3. CERTIFICATE OF CLERK, *Insufficient.* A statement certified to be correct by the clerk of the district court, and which is not a record of the court, is not competent proof of the alleged facts therein contained.

*Error from Wyandotte District Court.*

ACTION by *Ferree* against *Walker* and others. Judgment for defendants. The plaintiff brings the case to this court. The opinion contains a sufficient statement of the facts.

*Fyke & Hamilton,* and *Scroggs & McFadden,* for plaintiff in error.

*John A. Hale,* for defendants in error I. D. Wilson and the First National Bank of Kansas City.

*Hutchings & Keplinger,* for defendant in error J. N. Thomas.

The opinion of the court was delivered by

JOHNSTON, J.: Laura L. Ferree brought an action against C. E. Walker and nine other defendants in the district court of Wyandotte county, and the judgment rendered in that court not being satisfactory to her, she brings a proceeding in error, in which only four of the defendants have been brought into this court. The defendants in error ask for a dismissal of the petition in error upon three grounds: First, that the case-made was not served in due time; second, that there is a fatal defect of parties in this court; and third, that the motion for a new trial does not appear to have been filed within the required time. The two grounds first named appear to

4—54 KAS.

be suffcient to sustain the motion, but as the first alone is
sufficient the other does not require consideration.   From the
record, it appears that the cause was tried on January 20,
1890.   It does not appear therefrom that there was any ad-
journment, or that the matter was taken under advisement
by the court when the testimony was concluded.   No motion
for a new trial was filed until February 6, 1890, and, for
aught that appears in the record, the motion may have been
overruled because it was not filed in due time.   The recital
of the overruling of the motion for a new trial follows im-
mediately upon the record of the filing of the same, on Feb-
ruary 6, 1890, leaving the inference that it was disposed of
on the day upon which it was filed.   The next recital in the
record following the overruling of the motion for the new
trial is that the court, for good cause shown, gave plaintiff in
error 90 days in which to make and serve a case, and gave
60 days to the defendants to suggest amendments thereto;
the case to be settled and signed by the judge upon 10
days' notice.   The record does not show any further exten-
sion of time, and the case-made was not served until May
20, 1890.   No amendments were suggested, and the case was
signed on August 5, 1890.

From this record, it would appear that the motion for the
new trial was filed 17 days after the decision was made, and
that the case-made was not served within 90 days, nor until
13 days after the expiration of the prescribed time.   When
the time for making and serving the case has elapsed, the
judge is without power to extend the time for that purpose,
or to settle and sign a case which may thereafter be made and
presented.   The jurisdiction of the judge having been so
lost, it cannot be restored by the agreements of the parties
nor by any action which the judge with their consent may
take.  (*Insurance Co. v. Koons*, 26 Kas. 215;  *Gimbel v. Tur-
ner*, 36 id. 679;  *Investment Co. v. Love*, 43 id. 157;  *Limerick
v. Haun*, 44 id. 696.)   To overcome this manifest defect in
the record, plaintiff has presented the mere certificate of the
clerk of the district court, in which one of the deputies cer–

tifies, not to any record in the court, but to the following alleged facts: He states that the cause was tried on January 20, 1890, after which it was taken under advisement by the court, which, on February 8, made findings of fact and conclusions of law, and rendered judgment in the cause; that afterward, on February 8, 1890, the motion for a new trial was filed; and that afterward, on March 22, 1890, it was heard and overruled. The court then gave plaintiff 60 days to make and serve a case, 20 days to defendants to suggest amendments, and directed the case-made to be settled on five days' notice; that afterward, on June 21, 1890, the time for making and serving the case was extended for 90 days; and that afterward, on August 5, 1890, a case-made in the cause was attested and filed.

This certificate is not competent testimony to prove the facts stated by the clerk, but even if the statements were accepted as proof, they fail to sustain the validity of the case-made. The dates given by the clerk, as will be seen, are strangely inconsistent with those in the authenticated record. He certifies that on March 22, 1890, 60 days' time was given plaintiff to serve a case-made, and that afterward, on June 21, 1890, the time was further extended for making and serving such case-made. It will be observed that at that time the judge was without power to extend the time for making and serving the case. According to these statements, the case was not served within the 60 days, nor was the time extended for that purpose. The judge undertook to extend the time at the end of 91 days, or in 31 days after his power to extend had expired; so that if we take the reckoning of the clerk, we would still be compelled to hold the case-made to be invalid. The evidence furnished by the record itself, however, shows its invalidity, and there being nothing before us for consideration, the motion to dismiss will be allowed.

All the Justices concurring.