THE PHELPS & BIGELOW WINDMILL COMPANY v. C.
G. DEMING *et al.*

**No. 163.**

CASE-MADE—*time of serving expired, judge has lost jurisdiction.*
The first and second paragraphs of the syllabus in *Ferree v.
Walker*, 54 Kan. 49, are adopted as the syllabus in this case.

Error from Linn District Court.   Hon. J. S. West,
Judge.   Opinion filed November 10, 1897.   *Dismissed.*

*John C. Cannon,* for plaintiff in error.

*Keene & Gates,* for defendants in error.

DENNISON, P. J.   This action comes to this court
from the District Court of Linn County, Kansas.   The
plaintiff in error filed a petition in error to which is
attached the case-made.

The jurisdiction of this court is challenged by the
defendants in error.   It is contended that the case-
made was not served upon the defendants within the
time fixed by the statute nor within the time allowed
by the court, and that there is a fatal defect of parties
defendant.

The motion for a new trial in this case was over-
ruled on March 5, 1892, and the plaintiff in error was
given forty days within which to make and serve a
case-made.   This time would expire with the four-
teenth day of April, 1892.   The next proceeding con-
tained in the record is the following stipulation:

"It is hereby agreed by and between John C. Can-
non, attorney for the above-named plaintiff, and Ed.
C. Gates, attorney for the above-named defendants,
that the time for serving, completing and settling the
case-made in the above-entitled cause, shall be contin-

ued from the thirtieth day of April, 1892, to the six-
teenth day of June, 1892.

   . JOHN C. CANNON, *attorney for plaintiff.*
   ED. C. GATES, *attorney for defendant.*"

" It is so ordered, this April 25, 1892.—J. S. WEST,
District Judge."

The time to make and serve a case-made had elapsed,
and no case had been served nor had the judge again
extended the time therefor on April 14, nor until
April 25, 1892. This was eleven days too late.

" When the time for making and serving a case-
made has elapsed, the judge is without power to ex-
tend the time for that purpose, or to settle and sign a
case which may thereafter be presented.

" The jurisdiction of the judge to settle and sign a
case having been lost by lapse of time, it cannot be
restored by the agreement of the parties nor by any
action which the judge with their consent may take."
*Ferree v. Walker,* 54 Kan. 49.

Because of the failure to make and serve the case-
made in time, the case must be dismissed, and it is
unnecessary to notice the other questions presented.

The case is ordered dismissed.