(November 27, 1897.)

## LYDON v. PIPER, JUDGE.

[51 Pac. 101.]

STRIKING OUT BILL OF EXCEPTIONS.—The action of the trial court in striking from the files a bill of exceptions which was proposed and served after the time allowed by law, and after the time stipulated by the parties in which exceptions taken at the trial might be incorporated into a bill of exceptions, and which bill of exceptions was settled by the trial judge the day it was proposed and served, affirmed.

STIPULATIONS AS TO SERVICE OF BILL OF EXCEPTIONS.—When parties by stipulation agree that either party have "sixty days after the rendition of the decision" in which to prepare and serve a bill of exceptions, such stipulation is a waiver by both parties of notice of rendition of the judgment, and the bill of exceptions must be proposed and served within sixty days from the date of entering judgment, unless the time therefor be properly extended.

BILL OF EXCEPTIONS, WHEN IMPROPERLY SETTLED.—The trial court can properly make an order striking from the files a bill of exceptions improperly settled, for the reason that it was proposed and served after the time in which such bill of exceptions could be legally proposed and served had expired, on a proper application made prior to filing transcript on appeal in the appellate court.

(Syllabus by the court.)

Original proceeding by writ of review.

S. S. Denning and Warren Truitt, for Petitioner.

The court's action was without jurisdiction. After the appeal was taken and perfected the court had lost all jurisdiction. That even though the matters stated in the affidavit upon which the motion is based were true, they ought to have been raised in this court upon the appeal, and not by motion in the lower court after the appeal was perfected. The defendant Lydon after judgment had the right to substitute other attorneys without further notice under the statutes of Idaho. Under the stipulation entered into in the case, the exceptions were taken, settled and allowed without any further action between the respective attorneys in the case, except the mere signing and certificate granted by the judge as to their being correct. *Certiorari* is the proper remedy. (*Bryan*

*v. Berry*, 8 Cal. 130; *Thorton v. Mahoney* (1864), 54 Cal. 569; *Mulford v. Estudillo* (1867), 32 Cal. 131; *McGarrahan v. Mining Co.* (1874), 49 Cal. 331.) After an appeal has been taken the court below has no authority to make new or further findings. (*Baggs v. Smith* (1878), 53 Cal. 88; *Younger v. Pagles* (1882), 60 Cal. 517.) The practice followed in California has always been that where the question of want of notice of the substitution of the new attorney has come in question, it has always been raised in the supreme court, even though the objection was raised on the motion for new trial or any other stage prior to the appeal, or though it was upon the appeal that the new attorney has been substituted for the first time. (*Grant v. White* (1856), 6 Cal. 56; *Prescott v. Salthouse* (1878), 53 Cal. 221; *McDonald v. McConkey,* 54 Cal. 143; *Whittle v. Renner* (1880), 55 Cal. 395; *Jones v. Spears* (1880), 56 Cal. 163; *Livermore v. Webb* (1880), 56 Cal. 189.)

James W. Reid, for Respondent.

There was no notice of a change or substitution of attorneys as required by law. 'The time had expired for serving or settling bill of exceptions on July 24, 1897, and was never extended. (Idaho Rev. Stats., secs. 3999, 4000.) When the attention of the judge was called to the fact that he had erroneously signed and settled a bill of exceptions, it was· his duty to strike it from the files, regardless of the appeal. The motion supported by the affidavit setting forth all the facts presented the error. (*Fleary v. Cattle,* 47 Cal. 527; *Brigner v. Chevalier,* 9 Cal. 351; *Reay v. Butler,* 69 Cal. 572, 11 Pac. 463, 468; *James v. Leport,* 19 Nev. 174, 8 Pac. 47.)

QUARLES, J.—This proceeding was commenced in this court to review an order made by the district court of the second judicial district, in and for Nez Perces county, striking from the files, in the case of Joe Broncheau *et ux.* against Harry Lydon, in said district court, a bill of exceptions presented by the said defendant, and settled by the judge of said district court. To the. writ of *certiorari* heretofore issued, the said district judge has made return, and caused the pro-

ceedings below to be duly certified to this court, wherein it is made to appear as follows: The defendants here, Joe Broncheau and wife, as plaintiffs below, brought their suit to recover damages alleged to have been sustained by them by the wrongful seizure and conversion of a quantity of wheat alleged to have been converted by the defendant below. [The cause was tried by the court, without a jury, on the eighth day of May, 1897, and findings of fact and judgment were filed in the cause on the twenty-fourth day of May, 1897. On the trial the parties entered into the following stipulation, to wit: "It is hereby stipulated and agreed by and between the respective parties hereto that they and each of them shall have sixty days after the rendition of the decision herein within which to prepare and serve a bill of exceptions and statement of case on motion for a new trial, or either or both, and to r~~sent the same to the court for settlement and allowance. It is further stipulated and agreed that all exceptions taken during the progress of this cause shall have the same force and effect as if the same were written out and settled and allowed at the time of taking." On August 13, 1897, S. S. Denning, as attorney for the defendant below, served a copy of proposed bill of exceptions on behalf of the defendant below on the attorney for the plaintiffs below, and which bill of exceptions was on that day settled by the said district judge, but whether before or after service of said copy does not appear in the record. Said Denning was not attorney for the defendant below, and did not appear for him prior to the rendition of judgment. On August 14, 1897, the defendant below served notice of appeal from the judgment, and executed undertaking on appeal. At the September term of said district court, the plaintiff below moved the court to strike said bill of exceptions from the files of said cause, for the reason that the said bill of exceptions was made and filed nineteen days after the time theretofore stipulated had expired, and for the further reason that no notice of a change or substitution of attorneys had been given to the plaintiffs. This motion was heard on the eighteenth day of September, and sustained, and said bill of exceptions was stricken from the files. Plaintiff here contends that the court below had

no jurisdiction to make the order striking the said bill of exceptions from the files, owing to the pendency of the appeal.

After final judgment, a party who appeals may employ new counsel or change his attorney without notice. Sections 3999 and 4000 of the Revised Statutes, do not apply to such case. The trial court, or the judge thereof, may, after the appeal is perfected, settle a bill of exceptions; and this court held, in *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704, that, when an omission or mistake had occurred in the settlement of a bill of exceptions, a resettlement thereof could be had before the district judge before the filing of the transcript in this court. If the mistake consisted in settling a bill of exceptions which should not have been settled, for the reason that it was not proposed and served within the time allowed by law or the stipulation of the parties, we see no reason why it should not be stricken from the files of the action, on proper application made prior to filing the transcript on appeal in this court. Section 4430 of the Revised Statutes, gives any party who desires to have exceptions taken at a trial settled in a bill of exceptions ten days or such further time as the court in which the action is pending, or the judge thereof, may allow, after the verdict of the jury, on receiving notice of the entry of judgment if tried without a jury, in which to propose and serve upon the adverse party his bill of exceptions. It is usual and proper for the parties, when starting in to a trial, to stipulate as to the time in which a bill of exceptions may be proposed and served. But they cannot dispense with the necessity of incorporating the exceptions into a bill of exceptions. The stipulation entered into by the parties below obviated the necessity of giving notice of the entry of the judgment, and, we think, was a waiver of such notice by both parties. It was the duty of the defendant to propose and serve on the adverse party his bill of exceptions within sixty days from the time of entry of the judgment, May 24, 1897, which time expired July 23, 1897. After the time had expired, and without opportunity to the plaintiffs to propose amendments to the bill of exceptions, or object to the settlement thereof, the defendant presented his bill of exceptions to the judge, who, without fixing the time to

settle same and causing both parties to be notified thereof, on *ex parte* application, settled the same. The district judge, under the circumstances, had no jurisdiction to settle the bill of exceptions; and he properly made the order striking the same from the files, which order should be affirmed, with costs to the defendant, and judgment will be entered accordingly.

Sullivan, C. J., and Huston, J., concur.