(November 23, 1901.)'

# HOEHNAN v. NEW YORK DRYGOODS COMPANY.
### [67 Pac. 796.]

SETTLEMENT OF STATEMENT—AMENDMENTS TO—WHEN MUST BE FILED. If amendments are proposed to a statement on motion for a new trial, and not adopted by the moving party, subdivision 3 of section 4441 must govern.

SAME—JURISDICTION OF TRIAL COURT.—If objections are made to the settlement of a statement, on the ground that the time for settlement has expired, and such fact appears from the record, the trial court is without jurisdiction to settle the same.

SETTLEMENT OF STATEMENT AFTER TIME IS EXPIRED.—A party may have a statement on motion for a new trial settled after time has expired by showing he is not guilty of laches, or that the neglect is excusable.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Hawley & Puckett and W. T. Reeves, for Appellants.

Notice of intention to move for a new trial was filed and served March 20, 1901. Time within which to prepare and serve statement on motion for new trial was extended by stipulation until April 16, 1901. Statement was served on attorney for respondent, April 6, 1901. There is nothing in the transcript to show that any amendments were ever proposed to said statement except the inference that might be drawn from the statement of the court and affidavits. But admitting for the sake of argument that amendments were proposed and served, service was actually made on the 19th, as of the sixteenth day of April, 1901. The affidavit of W. T. Reeves shows that the amendments were agreed to, in which case, under subdivision 3 of section 4441 of the Revised Statutes of Idaho, he was not compelled to file them within any given time, and he had a right to take his time in filing the statement. The transcript itself shows that respondent was responsible for the delay, in that he did not file his objection before the day the statement was to be settled, and there is nothing to

show the objections were served upon counsel for appellant. If counsel's contention in this case be sustained, one could agree to the amendments, and thus throw counsel for appellant off his guard, and thereby cause him to let the ten days expire, and then come forward, as counsel did in this case, and file objections to its settlement on the day set for that purpose. (*Stonesifer v. Kilburn,* 94 Cal. 33, 29 Pac. 332.) The judge, as shown by his order, considered the showing sufficient and settled the statement, which was a matter within his sound discretion, and his ruling in that regard will not be disturbed in this court, unless it clearly appears that the judge was guilty of gross abuse of discretion, which certainly does not appear in this case. (*Banta v. Siller,* 121 Cal. 414, 53 Pac. 935; *Wheeler v. Karnes,* 125 Cal. 51, 57 Pac. 893.) In case of doubt the court should solve the doubt in favor of appellant, so that the full merits of the litigation may be presented. (*Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Wolff v. Canadian Pac. Ry. Co.,* 89 Cal. 322, 26 Pac. 332; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41; *Harbaugh v. Honey Lake Val. etc. Co.,* 109 Cal. 70, 41 Pac. 792.)

Farrell & Guheen, for Respondents.

It has been universally held in California, where the opposing party has been served with a proposed statement, to which amendments have been proposed and served, that unless the proposed statement and amendments are presented to the judge or the clerk for the judge, within the time allowed by law (ten days) for settlement, the omission is fatal to the settlement of such statement, or to a motion for a new trial, and such statement should be disregarded on appeal. (*Henry v. Merguire,* 106 Cal. 142, 39 Pac. 599-601; *Wills v. Rhen Kong,* 70 Cal. 548, 11 Pac. 780; *Bunnell v. Stockton,* 83 Cal. 319, 23 Pac. 301.) "If the statute absolutely fixes the time within which an act must be done, it is peremptory. The act cannot be one at any other time, unless during the existence of such prescribed time it has been extended by an order of court, made for that purpose, under authority of law." This language was used in the case of *Tegambo v. Mining Co.,* 57

· Cal. 503, in relation to the time in which a bill of exceptions might be taken under the statute, and is therefore applicable here. To hold that a statement may be settled when no steps were taken until after the expiration of the ten days, the time for doing so not having been extended, and respondent objecting thereto, would be judicial abrogation of the statutes." (*Henry v. Merguire,* 106 Cal. 142, 39 Pac. 600, 601; *Connor v. Southern Cal. Mortar Co.,* 101 Cal. 429, 35 Pac. 990; *Lyndon v. Piper,* 5 Idaho, 541, 51 Pac. 101; *Steffy v. Elser,* 6 Idaho, 228, 55 Pac. 239; *Withers v. Kemper,* 25 Mont. 432, 65 Pac. 422; *Wheeler v. Karnes,* 125 Cal. 51, 57 Pac. 893; Rev. Stats., sec. 4818.)

STOCKSLAGER, J.—This case is here on appeal from the district court of Bannock county. Two appeals were taken— one from the judgment; the other from the order overruling appellants' motion for a new trial. In the court below, respondents objected to the settlement of the statement on motion for a new trial, alleging that: "It appears from the record and files in the action, and the proposed statement: That judgment was rendered and entered upon a verdict of a jury against the defendants and in favor of the plaintiffs for the sum of twelve hundred and fifty dollars and costs, thirty-four dollars and forty-five cents, on the 12th of March, 1901. That notice of said verdict and judgment was given to defendants in writing, and served upon their attorneys of record, March 14, 1901. On the twentieth day of March, 1901, defendants served and filed their notice of intention to move for a new trial in said cause. That the attorneys for the respective parties on the twenty-sixth day of March, 1901, stipulated that defendants might have twenty days from said date in which to prepare and serve a statement on motion for a new trial or a bill of exceptions in said cause. That on April 6th defendants elected to proceed upon a statement on motion for a new trial, and on said day served upon attorneys for plaintiffs a proposed statement on motion for new trial, as appears from the admissions of service on said proposed statement. On the sixteenth day of April, 1901, plaintiffs prepared and served

upon defendants amendments proposed by them to said proposed statement on motion for a new trial, as appears from the admissions of service signed by defendants' counsel, attached to said amendments. Said amendments were not agreed to by defendants' counsel, and said proposed statement and proposed amendments are now offered to this [district] court for settlement." That on the 6th of May, 1901, the attorneys for defendants delivered to the clerk of the court said proposed amendments thereto offered by plaintiffs, for, and to be delivered to, the judge of said court, or to said court, for settlement. That when so delivered to said clerk the time allowed by law for the delivery thereof had expired, and said statement and amendments were and now are *functus officio.* For the foregoing reasons, said court or judge had no jurisdiction to settle or allow said statement, or to extend the time in which proposed statement and amendments may be delivered to the clerk for the judge or court. The district judge certifies that the dates and times of matters above set forth are true, as shown by the records, and as recited herein, except as modified by the affidavits used in hearing of the within objections. The objections were overruled by the court, and the statement settled and allowed, of date May 17, 1901.

The affidavits referred to by the court are as follows:

"W. T. Reeves, being first duly sworn, says that he is the attorney for the defendants, and as such attorney he proposed the statement on motion for a new trial herein; that he delivered same to Terrell & Guheen, attorneys for plaintiffs, on the sixth day of April, 1901; that on or about April 19, 1901, the plaintiffs' attorneys served amendments on me to the proposed statement, and the date of service was fixed the 16th of April, as that was the last day for the service of said amendments; that within ten days after the service of said amendments, affiant met with T. F. Terrell, one of the attorneys for the plaintiffs, and they undertook to settle the statement, and the amendments were then agreed to, and this affiant at once began to engross the said statement, and, as he now believes, did insert said amendments, and, if any were omitted, they were so omitted by oversight or mistake; that imme-

diately after the said amendments were inserted, on the 23d or 24th of April, the statement was resubmitted to Terrell & Guheen for examination, and that on the sixth day of May, 1901, they returned the statement to me; and that affiant immediately filed same with the clerk of the district court for judge of this court."

"Thos. F. Terrell, being first duly sworn, deposes and says that he is one of the attorneys for the plaintiffs in the above-entitled cause; that he has read the affidavit of W. T. Reeves upon the objection to the settlement of the proposed statement on motion for a new trial herein, and the same does not state the facts fully or fairly; that the facts relating to the service of the amendments to said statement are as follows: That on the fourteenth day of April, 1901, the said Reeves was leaving the city of Pocatello to be gone for a few days, and, being the only attorney for defendants, this affiant went to him about the service of said amendments which were then about ready, and the plaintiffs had from thence to the sixteenth day of April, 1901, in which to serve; that it was then and there agreed by and between affiant and said Reeves that said time for serving same would be, and was, extended until he should return from the trip he was then about to take; that on or about the nineteenth day of April, 1901, immediately after said Reeves had returned to Pocatello, this affiant served said amendments upon him, and, in pursuance to the verbal stipulation, he acknowledged service of same as of the 16th, being within the time the same might be served, and intended thereby to, and did, ratify the stipulation thereto made for such extension; that thereafter, on or about the twenty-first day of April, this affiant went to the office of said Reeves for the purpose of trying with him to agree upon such amendments, and a number of such amendments were agreed to, but all of the same were not agreed to, and, as other business interrupted, the matter was left for the time being; that some days after, about April 24th or 25th, said Reeves returned said statement to affiant with said amendments, and represented that he had embodied all said amendments; that affiant then made an examination of said proposed statement

Opinion of the Court.—Stockslager, J.

as amended, and found that his amendments were not adopted, but that other amendments to suit the fancy of said Reeves had been embodied, and still others were not embodied at all, there being as many as twelve proposed amendments which had not been adopted or embodied as had been proposed; that on or about the 26th of April this affiant returned to said Reeves' office with said proposed statement and said proposed amendments, and notes of those which had not been embodied or adopted, and on said day was there as many as three times to meet said Reeves, but was not able to find him; that on the first and second days of May, 1901, affiant was there again on each day to attempt to agree upon said amendments, but was unable to see said Reeves; that again, on the sixth day of May, 1901, affiant went to said Reeves' office, and found him there, and called his attention to the fact that he had not adopted said proposed amendments, but had made amendments to please himself, and others he had omitted altogether, and then and there tried to agree upon said amendments and settle said statement, but said Reeves refused to accept said proposed amendments or to make any settlement of said statement, but said that he would let the court settle the amendments, and thereafter caused notice to be given to affiant that said statement would be settled by said court on this day, which is hereto attached as exhibit 'A,' made a part hereof, and in pursuance to said notice said affiant came from Pocatello on this day for the purpose of urging his objections thereto, or settling the same; that, during all said time said statement and amendments were left with affiant, the same were so left by the said Reeves voluntarily, and without any connivance, inducements, or fraud of affiant, and were subject to his call at any time, the same being at affiant's office, which was open at all reasonable hours during said time, where said Reeves, if he had so desired, could have had such statement and amendments. The said statement and amendments were left at affiant's office by said Reeves voluntarily, and without any solicitation of or from affiant, and affiant was under no obligation to return same to said Reeves, but, as affiant believes, it was said Reeves' duty to call for said state-

ment and amendments himself, and to see that same were agreed to or filed with the clerk within the time required by law, which he failed and neglected to do. Affiant further states that said Reeves failed and neglected to file or deliver said statement, together with the amendments, to the clerk of the court of Bannock county, for the judge of said court, or the court, without any suggestion, connivance, or inducement of any kind on the part of affiant, but that, upon the contrary, affiant was willing to have settled said statement on the sixth day of May, 1901, if said amendments could have been agreed to, and it was not until after said Reeves had refused to agree to said amendments that affiant knew he could oppose or object to the settlement of such statement on the grounds offered by his objections in writing made herein."

Subdivision 3 of section 4441 of our statute says: "If the motion is to be made on a statement of the case the moving party must, within ten days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof, may allow, prepare a draft of a statement and serve the same, or a copy thereof, on the adverse party. If such proposed statement be not agreed to by the adverse party, he must within ten days thereafter prepare amendments thereto, and serve the same, or a copy thereof, upon the moving party. If the amendments be adopted the statement shall be amended accordingly, and then presented to the judge who tried the cause for settlement, or be delivered to the clerk of the court for the judge. If not adopted the proposed statement and amendments shall, within ten days thereafter, be by the moving party delivered to the clerk of the court for the judge; and thereupon the same proceedings for the settlement of the statement shall be taken by the parties and the clerk and judge as are required for the settlement of bills of exceptions by section 4430."

With this statement of the facts, as disclosed by the record, including the affidavits of respective counsel, and the certificate of the learned judge in whose court the statement was pending for settlement certifying that all the facts were before the court, should this statement have been settled under the provisions of

subdivision 3, section 4441 of the Revised Statutes? This court, in *Lydon v. Piper,* 5 Idaho, 541, 51 Pac. 101, passed upon the question presented to us by this motion: "When parties, by stipulation, agree that either party have sixty days after the rendition of the decision in which to prepare and serve a bill of exceptions, such stipulation is a waiver by both parties of notice of entry of the judgment, and the bill of exceptions must be prepared and served within sixty days from the date of the rendition of judgment, unless the time therefor be properly extended." Such is the language of the syllabus, and it correctly states the opinion of the court. In *Miller v. Hunt,* 7 Idaho, 486, 63 Pac. 803, this court said: "When a proposed statement on motion for a new trial is served on the adverse party within the statutory time, and no amendments thereto are proposed by the adverse party, the statement as proposed may be presented to the judge or delivered to the clerk for settlement within any reasonable time thereafter. Under such circumstances, subdivision 3 of section 4441 of the Revised Statutes does not limit the time within which to present the statement for settlement." *Wills v. Rhen Kong,* 70 Cal. 548, 11 Pac. 780, and *Bunnel v. Stockton,* 83 Cal. 319, 23 Pac. 301, with a statute similar to subdivision 3, section 4441, hold that the statement must be settled within the time prescribed by the statute. In *Ferree v. Walker,* 54 Kan. 49, 36 Pac. 738, the syllabus says: "When the time for making and serving a case-made has elapsed, the judge is without power to extend the time for that purpose, or to settle and sign a case which may thereafter be presented." This strong language is borne out by the opinion. (See *Henry v. Meguire,* 106 Cal. 142, 39 Pac. 600, 601; *Conner v. Southern California etc. Road Co.,* 101 Cal. 429, 35 Pac. 990.) An investigation of the authorities discloses that when there is an objection or protest to the settlement of the statement, as was the case here, the court has no jurisdiction to extend the time, or settle the statement if the statutory time has elapsed, and hence it is not a matter of discretion.

Appellants call our attention to the fact that the amendments were agreed to; but the record discloses that they were not agreed to until after the time for settlement had expired, and

the objection to a settlement had been filed. Our attention is also called to *Stonesifer v. Kilburn,* 94 Cal. 33, 29 Pac. 332, in which a section of the California statute (section 473 of the Code of Civil Procedure) is construed; and counsel urges that, the section being the same as section 4229 of our statute, it relieves him of subdivision 3, section 4441, and he should have the benefit of section 4229. There is practically no dispute between counsel, as shown by their affidavits; and if we eliminate the affidavit of Mr. Terrell, and only consider that of Mr. Reeves, the fact remains that the statement, with the amendments, were not filed in time, as required by section 4441. The showing made by the affidavits does not bring the case under section 4229. It was clearly the duty of appellants to prosecute their appeal, and there was no time, as shown by the record, that counsel for appellants could not have gotten the statement, with the proposed amendments, from the office of counsel for respondents; and it was clearly his duty to do so, or have the time extended by the court or judge for filing his statement.

The motions to strike the statement from the files, and to dismiss appeal on order overruling motion for a new trial, are sustained, with costs to respondents.

Quarles, C. J., and Sullivan, J., concur.