(December 10, 1903.)

# SWARTZ v. DAVIS.

[74 Pac. 800.]

TIME IN WHICH TO SETTLE BILL OF EXCEPTIONS OR STATEMENT.

1. The judge or court has no power to extend the time for preparing and serving bill of exceptions or statement on motion for a new trial after the time therefor has expired.

2. When the appeal is on the judgment-roll alone, and no error appears on the face thereof, the judgment must be sustained.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Action to recover for damages alleged to have been caused by defendant's sheep. Judgment for plaintiff. Affirmed.

Clay McNamee and George W. Goode, for Appellant.

In this cause attorneys for respondent participated in making up the bill of exceptions and statement of the case and bill of exceptions as presented by attorneys for appellant; thereafter attorney for respondent waived any irregularities that may have subsequently occurred, although attorneys for appellant claim no irregularities had occurred in the presentation of the bill of exceptions and statement of the case, as to time, or otherwise. "If a bill of exceptions is presented for settlement after the trial of the cause, and is agreed upon by respondent's attorney, and said bill is thereafter settled by the judge and used on the hearing of the motion for a new trial, it is too late for the respondent to raise the objection for the first time in this court, that such bill was not settled in time." (*Stufflebeam v. Montgomery*, 3 Idaho, 20, 26 Pac. 125.)

Allen Miller, for Respondent, cites no authorities upon the point decided by the court.

SULLIVAN, C. J.—A motion was made to strike appellant's bill of exceptions from the transcript on the ground that said

bill was neither served nor settled within the time allowed by the stipulation of respective counsel or the time allowed by the court or judge.

It appears from the transcript that this case came on for trial on the twentieth day of September, 1902, and a stipulation was entered into by respective counsel that each might have sixty days after the filing of the judgment within which to prepare and serve his bill of exceptions or statement of the case.

The judgment was filed September 22, 1902. Application was made by counsel for appellant on the nineteenth day of November, 1902, for an extension of the time in which to prepare and serve a bill of exceptions, or statement, and the judge granted an extension of thirty days in addition to the sixty days covered by said stipulation. The ninety days included in the stipulation and order of the judge expired on the twenty-first day of December, 1902.

No further extension was asked for or granted until the twenty-sixth day of December, 1902, on which date an application was made and on it the judge granted an extension of time for twenty days, *provided, however,* that the time already granted had not expired. As the time had already expired no extension was given by the last order. After the time has expired for serving and filing a proposed statement or bill of exceptions the judges or court had no power to extend the time.

The motion to strike said bill of exceptions and statement from the transcript must be granted.

The statement on motion for a new trial and bill of exceptions having been stricken from the transcript, the case is left on the appeal from the judgment on the judgment-roll alone. And as no error appears on the face thereof, the judgment is sustained.

Costs of this appeal are awarded to the respondent.

Stockslager, J., concurs.

Ailshie, J., having been of counsel in the court below, did not sit in the case.