(February 5, 1906.)

## SANDSTROM v. SMITH.

[84 Pac. 1060.]

BILL OF EXCEPTIONS—EXTENSION OF TIME FOR SETTLEMENT.

1. Where the time allowed by statute or order of the trial judge under section 4430 of the Revised Statutes for the preparation, service and presentation of a statement or bill of exceptions has expired, the court has no authority to grant further extensions for such purpose.

2. Orders made by the court or judge thereof in any pending litigation should be filed and become a part of the files of the case and should not be withheld therefrom by anyone.

(Syllabus by the court.)

APPEAL from the District Court in and for Bingham County. Honorable J. M. Stevens, Judge.

From an order made by the district judge refusing to grant an extension of time in which to prepare, serve and file his bill of exceptions and statement, plaintiff appealed. Affirmed.

The facts are stated in the opinion.

Charles A. Merriman, for Appellant.

That a party may have an extension of time to present and have allowed a bill of exceptions, after the statutory time has expired, by showing that he is not guilty of laches, and any neglect on his part is excusable, under the authorities is clear. (Rev. Stats. 1887, sec. 4229; *Hoehnan v. New York Dry Goods Co.,* 8 Idaho, 66, 67 Pac. 796; *Stonesifer v. Kilburn,* 94 Cal. 33, 29 Pac. 332; *Cole v. Wilcox,* 99 Cal. 549, 34 Pac. 114; *Jerome v. Donovan,* 117 Mich. 19, 75 N. W. 143; *Oakley v. Davidson,* 103 Wis. 98, 79 N. W. 27.) The court will notice that under the law if any doubt exists in the mind of this court as to our rights in the premises, as we have a right to infer, there must have been in the mind of the court below, as shown by the length of time taken by him to pass on this question, that doubt should be resolved in favor of the appellant, so that the full merits of the litigation may be presented. (*Buell v. Emrich,* 85 Cal. 116, 24 Pac. 644; *Wolff v. Canadian Pac. Ry. Co.,* 89 Cal. 322, 26 Pac. 825; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41; *Harbaugh v. Honey Lake Valley L. & W. Co.,* 109 Cal. 70, 41 Pac. 792; *Flagg v. Puterbaugh,* 98 Cal. 134, 32 Pac. 863.) The court or judge has the power to grant the extension of time asked for in this case, and the time may be extended by stipulation of the attorneys of the respective parties to the suit beyond the time limited under the statute. (Rev. Stats. 1887, 4932; *Simpson v. Budd,* 91 Cal. 488, 27 Pac. 758.) Now, as to the construction given to orders of this class, we claim that it means "from and after the time so limited by the statute and not from the date of the order." This would give us until March 1, 1905, within which to file our application. That being true it must have been filed in time. (*Eneric* v. *Alvarado,* 64 Cal. 529-541, 2 Pac. 418-

420; Spelling on New Trial and Appellate Procedure, p. 656, sec. 364.)

Holden, Holden, Holden & Holden, for Respondent.

Five days after appellant's time had expired under the order of the court, he filed his petition for thirty days further time within which to file his motion for a new trial and his bill of exceptions. The court was without jurisdiction to grant further time. (*Swartz v. Davis*, 9 Idaho, 238, 74 Pac. 800.) We contend that appellant's second assignment of error is not well taken. Objection may be made to the settlement of the statement, on the ground that the time for settlement has expired. (*Hoehnan v. New York Dry Goods Co.*, 8 Idaho, 66, 67 Pac. 796.)

AILSHIE, J.—This is an appeal from an order made by the district judge refusing to grant appellant an extension of time in which to prepare and present his bill of exceptions and statement on motion for new trial and on appeal. Notice of rendition and entry of judgment in the case was served on the attorney for plaintiff and appellant on the nineteenth day of December, 1904. Thereafter, the plaintiff applied to the trial judge for an extension of time for the preparation and presentation of a bill of exceptions, and the judge thereupon made his order, which is as follows: "It is therefore ordered and adjudged that said plaintiff do have sixty days from this date within which to prepare and file his bill of exceptions and file a motion in this case as provided in this case." This order is not dated, but was filed by the clerk of the court on December 23, 1904. The plaintiff thereafter applied to the district judge for a further extension of thirty days for the same purpose, and the petition therefor appears to have been subscribed and sworn to by the plaintiff on the twenty-fifth day of February, 1905, and the same was duly verified by his attorney on the following day. A further affidavit in support thereof was made by plaintiff's attorney. This application, and the affidavits in support thereof, appear to have been filed by the clerk of the district court on February 28, 1905. The

attorneys for the defendants filed objections to this petition, and thereupon the attorney for plaintiff filed what is designated an "amendment to petition for extension of time." After a hearing on the application and objections thereto, the trial judge made and entered an order refusing and denying the application on the grounds that the time, under the previous order, had expired prior to the last application for extension, and that he was therefore without authority of law to grant further time. The appellant contends that he should have been granted further time under the provisions of section 4229 of the Revised Statutes, on the ground of surprise and excusable neglect. Under the statute, section 4430 of the Revised Statutes, the appellant was entitled to ten days from and after the nineteenth day of December in which to prepare, serve and present his bill of exceptions, and if the sixty days' extension should run from December 29th, this last application would have been in time, and appellant contends that such was his understanding, and that he did not intend that the judge's order granting the extension should be filed until the date on which his statutory time would expire, namely, December 29th.

He further claims and shows by his affidavit that he intended to hold this order until that date and then file it, but that by some mistake or inadvertence the order was placed among the other papers in the case and was filed by the clerk without direction or authority from anyone. This is the sum of the whole contention in the case. The order granting the extension clearly provides that the sixty days shall commence to run from the date of making the order. We are not informed as to when this order was actually made by the trial judge. The presumption therefore follows, in the absence of any other showing, that it was made on the date it was filed. It is quite clear that it was not made after that date. If the judge had intended this order to commence to run from any other date than that on which he made it, he would or should have so designated. On the other hand, the proper place for orders made by a court or the judge thereof is among the files of the court in the particular case. Indeed, the practice of

securing orders and then retaining or withholding them from the files is one that cannot be commended and should not be encouraged.

The showing made by appellant's counsel as to his intention and understanding with reference to the order filed December 23d, is not such a showing as will bring him within the provisions of section 4229, *supra.* Under the showing made in this case, the sixty days clearly began to run on December 23d, and the time had therefore expired prior to plaintiff's application for a further extension, and the court was without jurisdiction or authority to make the order. (*Swartz v. Davis,* 9 Idaho, 238, 74 Pac. 800; *Brown v. Hanley,* 3 Idaho, 219, 28 Pac. 425; *Hoehnan v. New York Dry Goods Co.,* 8 Idaho, 66, 67 Pac. 796.)

The order appealed from will be affirmed. Costs awarded in favor of respondents.

Stockslager, C. J., and Sullivan, J., concur.

## ON REHEARING.

SULLIVAN, J.—A petition for rehearing has been filed in this case, and counsel seems to place reliance on a stipulation in writing signed by opposing counsel granting an extension of the time in which to prepare and serve a proposed statement or bill of exceptions. Counsel contends that the attorneys for respondent had power to bind their clients in that stipulation. The trouble with this contention is that the stipulation signed by counsel cuts no figure in the case whatever. That was a stipulation granting the appellant ten days in which to prepare and serve a proposed statement or bill of exceptions. Counsel for appellant had, under the statute, ten days for that purpose, which time expired on the twenty-ninth day of December, 1904. Counsel thereafter procured an order of the court extending that time for sixty days from the twenty-third day of December, 1904. Counsel for appellant attempts to explain the order of the court and contends that it was intended to date from December 29th, instead of the 23d, 1904. The order speaks for itself and extends the time

for sixty days from the 23d. The stipulation signed by respective counsel has no part whatever in the decision of this case. If counsel for appellant has made a mistake, that may be unfortunate, but under the facts of this case we cannot give him relief, and the petition for rehearing is denied.

Stockslager, C. J., and Ailshie, J., concur.