## FERRER v. THE PEOPLE.

### Motion to Dismiss Appeal.

#### No. 252.—Decided April 24, 1908.

APPEAL—DISMISSAL THEREOF BECAUSE TAKEN AFTER THE EXPIRATION OF 15 DAYS FROM THE RENDITION OF JUDGMENT.—An appeal will not be dismissed because it was taken after the expiration of·15 days following the rendition of judgment.

ID.—QUESTIONS WHICH MAY BE DECIDED ON APPEAL TAKEN AFTER THE EXPIRA-TION OF 15 DAYS.—All questions of right arising from the complaint and the answer, since they form part of the judgment roll, ·may be considered and decided on appeal taken after the expiration of 15 days following the rendi-tion of judgment.

STATEMENT OF THE CASE—EXTENSION OF THE PERIOD FOR PRESENTATION THEREOF.—An order of a judge granting the extension after the expiration of the time provided for by law within which the statement of the case should . be submitted is null and void, and such a statement of the case should be eliminated from the record.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Mr. Boerman,* for respondent.

Order: A motion having been filed by the *fiscal* of this court, and the hearing and argument having been had thereon in open court on the 20th inst., it was prayed that the appeal

herein be dismissed on the ground that it was taken after the expiration of 15 days provided by law as the period within which appeals may be taken, when the judgment appealed from is alleged to be contrary to the evidence; and it is also prayed that the statement of the case attached to the record be eliminated therefrom, because it was submitted to the District Court of Ponce for approval after the expiration of the time allowed by law therefor.

The appeal herein cannot be dismissed, because questions of law apparent from the complaint and the answer thereto, in relation to the judgment appealed from are therein involved which documents form a part of the judgment roll, and we are bound to consider the same.

The order of the judge granting an extension after the expiration of the time provided for by law within which the statement of a case must be submitted is null and void, and without force or effect, and the judge, under those circumstances, should have dismissed the motion for extension because he no longer had any authority to approve the same.

In view of the provisions of section 216 of the Code of Civil Procedure, and the jurisprudence established in the cases of *In re Clary,* 112 Cal., 293-295, *Swartz* v. *Davis,* 9 Idaho, 238-239, the appeal herein will not be dismissed and the statement of the case will be eliminated from the record, and the motion of the *fiscal* of this court, to which reference has hereinbefore been made, is hereby decided with respect both to the dismissal of the appeal and the elimination of the statement of the case from the record.

*Decision of the court.*—Motion for dismissal overruled and motion for elimination sustained.

Chief Justice Quinones and Justices Hernández, Figueras and Wolf concurred.