(December 21, 1909.)

WILLIAM A. SIMPSON, Respondent, v. PIONEER IRRI-GATION DISTRICT, Appellant.

[106 Pac. 1.]

STATEMENT ON MOTION FOR A NEW TRIAL—EXTENSION OF TIME TO PREPARE AND SERVE—EXPIRATION OF TIME—JURISDICTION OF THE JUDGE OR COURT.

1. A judge or court has no jurisdiction to extend the time for preparing and serving a proposed statement on motion for a new trial after the time allowed by law or given by the court or judge has expired.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for the County of Ada. Hon. Fremont Wood, Judge.

Motion to deny application for the settlement of a proposed statement on motion for a new trial. Motion granted. *Affirmed.*

Rice, Thompson & Buckner, for Appellant.

The court did not lose jurisdiction absolutely so that counsel for the respective parties could not, by agreement, continue

said matter. Unless counsel for respondent took timely objection and refused to proceed further with the matter, they waived their objection thereto. (*Stufflebeam v. Montgomery,* 3 Ida. 20, 26 Pac. 125; *Nez Perce County v. Latah County,* 3 Ida. 414, 31 Pac. 800; *Lockhart v. Rollins,* 2 Ida. 540, 21 Pac. 413; *Drake v. Dodsworth,* 4 Kan. 159; *Murphy v. McGuire* (Md. App.), 20 Atl. 726; *Schields v. Horbach,* 40 Neb. 103, 58 N. W. 720.)

An adverse party may waive the objection that a bill of exceptions was not presented for settlement in time. (*Murphy v. Cunningham,* 1 Colo. 467; *New Albany & S. R. Co. v. Huff,* 19 Ind. 315; *Omaha & N. R. Co. v. Redick,* 14 Neb. 55, 14 N. W. 665; *Warren v. Brown,* 31 Neb. 8, 47 N. W. 633; *Waldron v. Waldron,* 156 U. S. 361, 15 Sup. Ct. 383, 39 L. ed. 453; *Brookville & G. Turnpike Co. v. McCarty,* 8 Ind. 392, 65 Am. Dec. 768; *Cheney v. Cooper,* 14 Neb. 413, 16 N. W. 433; *Brown v. Orange County* (Tex. Civ.), 107 S. W. 607; *Messervy v. Messervy,* 80 S. C. 277, 61 S. E. 442; *State v. Gaslin,* 32 Neb. 291, 49 N. W. 353; *State v. Baxter,* 38 Minn. 137, 36 N. W. 108; *Nash v. Costello,* 50 Neb. 325, 69 N. W. 969; *Simpson v. Budd,* 91 Cal. 488, 27 Pac. 758; *Hawes v. People,* 129 Ill. 123, 21 N. E. 777; *Walling v. Eggers,* 25 Ky. Law Rep. 1563, 78 S. W. 428; *Fordham v. N. P. Ry. Co.,* 30 Mont. 421, 104 Am. St. 729, 76 Pac. 1040, 66 L. R. A. 556; *Gulf etc. Ry. Co. v. Jackson,* 64 Fed. 79.)

The affidavits of the attorneys for the defendant show that the delay in getting the order or orders was an excusable mistake on the part of the attorneys for the appellant, and as such is a proper case for relief under sec. 4229, Rev. Codes, and held as such under a similar statute by the supreme court of California in the case of *Kaltschmidt v. Weber,* 145 Cal. 596, 79 Pac. 272. (*Stonesifer v. Kilburn,* 94 Cal. 22, 29 Pac. 332.)

Neal & Kinyon, for Respondent.

The court was without jurisdiction when it entered the *ex parte* order, dated Nov. 28, 1906, and when it entered the order dated Feb. 27, 1907. The appellant had lost the right

to have a statement or bill of exceptions settled by reason of its laches in bringing the same on for hearing and settlement. (*Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676, and cases cited; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645.)

"Taking an appeal is a jurisdictional question, and the court has no power to extend the time therefor, or to cure any defect therein." *(Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060.)

SULLIVAN, C. J.—This is an appeal from an order of the judge at chambers, refusing to settle a statement on motion for a new trial, and the refusal of the judge to pass upon the motion for a new trial.

Judgment was entered on June 7, 1906. Notice of motion for a new trial was given and the order was obtained from the court or judge extending the time for filing the proposed statement on motion for a new trial. A transcript of the evidence was ordered immediately after the entry of the judgment, and the court stenographer, because of the pressure of the court work, was unable to get out said transcript and deliver the same to the attorneys for the appellant until January 23, 1907. Counsel for appellant served their proposed statement on the attorneys for the plaintiff on June 9, 1907, and filed the same with the clerk of the court on July 1, 1907. The attorneys for the plaintiff applied to the attorneys for the appellant for an extension of time in which to propose their amendments to said statement, which amendments were served upon the attorneys of the appellant some time during the fall of 1907. Shortly thereafter counsel for the respective parties agreed upon such amendments and the amendments so agreed upon were incorporated in the statement. The statement was then delivered to the clerk of the court for the judge thereof. During the summer of 1907, and beginning of 1908, the district court was occupied for a considerable portion of the time with the trial of other cases. On the first day of the December term, 1908, the attorneys for the appellant called the matter up in court and asked for

a settlement of said statement and that a time be set to hear the motion for a new trial. Soon thereafter the attorneys for respondent served and filed a motion to dismiss the proceedings begun by appellant for the purpose of settling said statement and objected to the settlement thereof, in which motion were enumerated fifteen reasons for the dismissal of said proceedings. After hearing the matter, the court filed a written decision on said motion, which decision was based upon the ground that the judge had no jurisdiction to make the order made on November 28, 1906, extending the time in which the defendant might prepare, serve and file its proposed statement on motion for a new trial.

It appears from the record that an order was made on August 28, 1906, extending the time ninety days for the preparation and service of said proposed statement. It appears also that on the 28th of November, another application was made for an extension of the time in which to prepare and serve said proposed statement, and ninety days was granted on that application. This application was based on the stipulation of respective counsel. On February 27, 1907, by stipulation of counsel, another ninety days was granted for the preparation and service of a proposed bill of exceptions. On May 27, 1907, on stipulation of respective counsel, the court extended the time in which to prepare and serve a bill of exceptions or statement on motion for a new trial, until July 1, 1907.

Appellant contends that the action of the court in the proceedings for a new trial and refusal to settle and allow the statement was error. It will be observed from the foregoing statement of facts that the court extended the time for preparing and serving the statement on August 28th for ninety days. Excluding the 28th of August, when the order was made, the ninety days would have expired on the 26th of November; hence said order, made on November 28, 1906, was not made until two days after the time had expired under the order of August 28th, in which to prepare a statement. But it is contended by counsel for appellant that the respondent waived his right to insist that said order of the 28th was

not made within the ninety days, by reason of his counsel having stipulated on the 28th of November that the court or judge might extend the time for another ninety days, and on that stipulation the time was extended for ninety days, which ninety days from the 28th of November would have expired on February 26th, and the record shows that within that ninety days no application was made for an extension of time, but it does appear that on the 27th of February, by stipulation of counsel, the court extended the time in which to serve and file said statement another ninety days; and on the 27th of May, under stipulation of counsel the court extended the time for preparing and serving said statement until July 1st, and on the 8th of July, under stipulation of counsel, the court extended the time to respondent's counsel to serve their amendments to said statement until July 31, 1907. Thus it appears that the ninety-day period given by the court in which to prepare and serve said statement, had expired when the order of November 28th was made extending the time for another ninety-day period; that the second ninety-day period had expired before the court made the order of February 27th extending the time for another ninety days, and that all of said extensions made on and after the 28th day of November were made by virtue of a stipulation with the counsel for respondent, and it is contended that their action in stipulating to extend the time after the time had expired was a waiver of the jurisdiction of the court to make such extension.

We cannot agree with that contention. While it is true counsel for respondent made several stipulations for extension of time, those extensions were no doubt made on the presumption or theory that the application for an extension was made before the court lost jurisdiction of the matter, and we do not think that the attorneys for respondent intended to stipulate jurisdiction where the jurisdiction had been lost by failure to make application in the proper time and when, in fact, no jurisdiction existed to make the order. While it is true the record was open to respondent's counsel and they might have examined it and ascertained whether or not the

court had lost jurisdiction before they entered into those stipulations, it was not incumbent upon them to do so, and in a case of this kind it will not be presumed that by merely entering into a stipulation to extend the time for preparing a proposed statement or bill of exceptions, they intended to confer jurisdiction on the judge or court that had theretofore been lost.

In *Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676, the court had under consideration a question similar to the one here, and the court, speaking through Mr. Chief Justice Ailshie, said:

"When the statement was presented for settlement, on motion of the adverse party, the same was stricken from the files, and the court refused to settle it on the ground that it had not been presented in time and that the court had lost jurisdiction to settle or allow it. The action of the court was clearly correct and in conformity with the repeated decisions of this court."

In *Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800, the court held that the judge or court had no power to extend the time for preparing and serving a statement on motion for a new trial after the time for the settlement had expired. As bearing upon this question, see *Lydon v. Piper,* 5 Ida. 541, 51 Pac. 101; *Hoehnan v. New York Drygoods Co.,* 8 Ida. 66, 67 Pac. 796; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060.

The judgment appealed from must therefore be affirmed, and it is so ordered, with costs in favor of respondent.

'Ailshie, J., concurs.

Stewart, J., took no part in the decision.