(November 5, 1912.)

MARGARET DARLING, Respondent, v. JOSEPH FREMSTADT and MABEL FREMSTADT, Appellants.

[127 Pac. 674.]

Appeal—Motion to Dismiss—Name of Court to Which Appeal is Taken—Judgment—Interest—New Trial—Affidavits—Counter-affidavits—Time to File—Order Refusing New Trial.

(Syllabus by the court.)

1. Where an appeal is taken from a judgment rendered in a justice's court to the district court, and the notice of appeal states "an

Points Decided.

appeal to the district court of Cassia county," and the cause is appealed to the district court of the fourth judicial district in and for Cassia county, such appeal will not be dismissed, where it appears that the respondent upon said appeal is in no way misled or deceived.

2. Where a judgment is rendered in a district court in an action to recover a money judgment, and the judgment provides "that plaintiff have and recover . . . . interest thereon at the rate of one per cent per month from the date hereof until paid," such judgment will not be reversed on account of excessive interest, but will be modified, and the court will be directed to modify said judgment and decree that said judgment draw interest at the rate of seven per cent.

3. Where it appears that a motion is made for a new trial, and affidavits are made and filed in support of such motion, and opposing counsel serves counter-affidavits, in opposition to the affidavits filed by the moving party, and it appears that such affidavits inadvertently were not filed within the prescribed time, and the trial judge, upon the affidavit of counsel for the party opposing said motion, makes an order directing that said counter-affidavits shall be filed *nunc pro tunc* as of the date such affidavits were served upon the moving party, the order of the trial court denying a new trial will not be reversed, as such action of the trial court does not affect any substantial right of the appellant.

4. Where on a motion for a new trial affidavits are filed by the moving party in support of such motion, and counter-affidavits are filed by the party opposing such motion, and it appears from such affidavits that the facts stated are in the main cumulative, and that none of them were beyond the reach of the appellants, who by proper diligence could have produced them at the trial, and it appears from such affidavits that they do not show such surprise as would warrant the granting of the new trial, and that the new evidence stated in the affidavits discovered since the trial of the cause does not show that at the trial there had been a miscarriage of justice, or the denial of any legal right of the appellants by the verdict of the jury, the order of the trial court in denying the motion will not be reversed.

APPEAL from the District Court of the Fourth Judicial District for Cassia County. Hon. C. O. Stockslager, Judge.

Action to recover a debt. Judgment for plaintiff. Motion for a new trial made; denied. *Affirmed.*

T. Bailey Lee, for Appellants.

No application was made to the court for an extension of time in which to file counter-affidavits, and the statute being mandatory, and the period therein provided having expired, the court was without jurisdiction to either consider said counter-affidavits or order them filed *nunc pro tunc*, as it did nearly three months thereafter. (*Swartz v. Davis*, 9 Ida. 238, 74 Pac. 800; *Sandstrom v. Smith*, 11 Ida. 799, 84 Pac. 1060; *Hoehan v. New York Dry Goods Co.*, 8 Ida. 66, 67 Pac. 796.)

J. C. Rogers, for Respondent.

Where it appears, on motion for a new trial, that a party had prepared counter-affidavits and served copies of them within the prescribed time, but inadvertently omitted to file them, he may file them after the expiration of the time prescribed. (*Spottswood v. Weir*, 80 Cal. 448, 22 Pac. 289; *Smith v. Whittier*, 95 Cal. 279, 30 Pac. 529.)

The defendants fail to show that they exercised any diligence to discover and produce the evidence, and it is apparent that the alleged newly discovered evidence is cumulative. (*Stoakes v. Monroe*, 36 Cal. 383, 2 Morr. Min. Rep. 246.)

A wide discretion is vested in the trial court in determining the weight to be given to the statements contained in affidavits upon motion for a new trial. (*People v. Weber*, 149 Cal. 325, 86 Pac. 671.)

Defendants' affidavits are clearly cumulative. (*Bartlett v. Hogden*, 3 Cal. 55.)

STEWART, C. J.—This action was brought in the justice court of Burley precinct, Cassia county, by respondent against the appellants, to recover for services alleged to have been rendered by respondent as a nurse, at the request and by the employment of appellants. The case was tried to a jury, and a verdict rendered in favor of the defendants. From this judgment the respondent appealed to the district court of the fourth judicial district in and for Cassia county.

In the district court a motion was made to dismiss the appeal, for the reason that the notice of appeal was fatally defective, in that it announced an appeal to the district court of Cassia county, a court to the law unknown. This motion was denied by the district court.

In the district court the case was tried before a jury and a verdict was found for respondent for the sum of $48.35. A motion for a new trial was made and overruled, and this appeal is from the order overruling the motion.

The first error relied upon is the order of the trial court in overruling the motion to dismiss the appeal. This objection is purely technical and has no merit. The notice of appeal states: "Hereby appeals to the District Court of the County of Cassia." The statement in the notice of appeal that the appeal is taken "to the District Court of the County of Cassia," instead of "to the District Court of the Fourth Judicial District in and for Cassia County," the proper name given to the court to which the appeal was intended to be taken (Const., sec. 11, art. 5; sec. 3829, Rev. Codes), could not have misled or deceived the respondent. It is apparent that the appellants were attempting to, and did in fact, have the case appealed to the district court of the fourth judicial district in and for Cassia county, and that the respondent so understood it, and therefore appeared in that court and the case was tried on its merits, and that it was the same case which was tried in the justice court, from which such appeal was taken. The trial court therefore committed no error in refusing to dismiss the appeal.

The second error assigned relates to the interest allowed on the judgment, upon the amount assessed by the jury. The judgment provides that "plaintiff may have and recover . . . . interest thereon at the rate of one per cent per month from the date hereof until paid." This evidently was an oversight in preparing the judgment, and permits excessive interest, as the statute provides that all judgments shall draw interest at the rate of seven per cent. (Sec. 1537, Rev. Codes.) The statute also provides, sec. 4450: "When trial by jury has been had, judgment must be entered by the clerk,

in conformity with the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings.''

The interest allowed upon the judgment should be seven per cent, and the interest begins to run when the judgment is entered by the clerk in conformity with the verdict. The judgment in this case should be modified accordingly.

Specifications of error Nos. 1, 2 and 3 relate to the counter-affidavits served but not filed, which were read and considered by the trial court upon the hearing of the motion for a new trial, and can all properly be considered together.

The record shows that upon April 14th appellants served upon plaintiff's counsel affidavits in support of the motion for a new trial, and upon April 24th respondent served upon appellants' counsel counter-affidavits, but that such affidavits were not filed within the time prescribed by sec. 4441, Rev. Codes, and that no application was made by counsel for respondent for an extension of time within which to file such affidavits. It appears, however, from the record, that the motion for a new trial was argued and submitted to the trial court on July 8th, and the defendants presented the motion and read in support thereof the affidavits by them served and filed, and plaintiff's counsel then offered to read the counter-affidavits to which the defendants objected, and that the objection was overruled; and that thereafter the plaintiff's counsel prepared an affidavit alleging that through inadvertence and mistake said counter-affidavits had not been filed within the statutory time, but had been mailed to the judge of said district court, and it was asked that said affidavits be ordered filed *nunc pro tunc*, as of April 24th, the date on which they had been served. This affidavit was filed on July 15th, and on the same day the court made an *ex parte* order directing the affidavits to be filed *nunc pro tunc*, and thereupon denied the motion for a new trial.

In the case of *Spottiswood v. Weir*, 80 Cal. 448, 22 Pac. 289, the court says: ''There was no error in allowing the plaintiff to file counter-affidavits on the motion after the time

fixed by the code, under the showing made that they had been prepared and copies served, and the filing had been omitted by oversight and mistake."

This rule was also approved in the case of *Smith v. Whittier,* 95 Cal. 279, 30 Pac. 529, wherein the supreme court of California, in speaking on this question, says: "And matters presented in support of a claim of inadvertence and excusable neglect are so greatly within the discretion of the court to which they are addressed that, unless there should appear to be an abuse of that discretion, we would not interfere with its action. The defendants were not entitled to a new trial upon this ground, unless the facts upon which it was based existed, and the time within which the plaintiff might controvert such affidavits is not made by the statute jurisdictional, or declared to be a limitation upon the exercise of such right. It is only a rule of procedure, and, in the absence of statutory limitation, is subject to the equitable control of the court; and the court should disregard any error or defect in the proceedings whenever a substantial right of a party is not affected. . . . . Rules of procedure, whether statutory or made by the court, are intended to facilitate courts in doing justice between the parties. They are framed with a view to enable litigants to properly present their cause for determination; and courts, in the exercise of their supervisory care over them, should be inclined to take that course which will enable them to ascertain the actual facts in a cause. For the guidance of parties certain formalities are required, and certain times specified within which the several steps are to be taken, but, except in matters which are jurisdictional, these provisions are intended for the convenience of courts and litigants, and should be liberally construed." The court further in said opinion held: "Where, on a motion for a new trial, it appears that a party had prepared affidavits, but inadvertently omitted to file them within the prescribed time, the court may disregard such error or defect . . . . as one not affecting any substantial right, and allow them to be filed after the prescribed time."

Under subd. 1 of sec. 4441, power and authority is given the court or judge to grant additional time to the time fixed by the statute, and in the present case the trial judge, exercising a discretion vested in him, in passing upon the motion for a new trial, no doubt concluded and determined that the counter-affidavits were essential in determining the motion for a new trial, and for that reason he made the order directing that such affidavits be filed as of the date such affidavits were served, upon the ground that the adverse party would in no way be injured, because service had been made and full knowledge of the facts set forth in the affidavits was given, the same as if the affidavits had been filed.

The provisions found in subd. 1 of sec. 4441 relate wholly to matters and steps to be taken by the respective parties in presenting to the trial court the question of granting or refusing a new trial, and are in no way jurisdictional questions, and are intended for the convenience of courts and litigants, and should be liberally construed, and do not fall within the rule of a time limit fixed for doing an act which is jurisdictional, and without complying with which the court cannot act. For this reason there was no error in making the order that such affidavits be filed, or in the consideration of such affidavits by the court upon the hearing of the motion for a new trial.

This brings us to the consideration of the question whether the trial court erred in denying the motion for a new trial. We have thoroughly examined the affidavits above referred to, both of the plaintiff and of the defendants, in support of the motion and against it, and it is clear from the statements made in the affidavits that the evidence presented by the affidavits is in the main cumulative, and that none of it was beyond the reach of the appellants, who by proper diligence could have produced it at the trial. Neither do such affidavits show such surprise as would warrant the granting of a new trial. (*Flannagan v. Newberg,* 1 Ida. 78; *Knollin v. Jones,* 7 Ida. 466, 63 Pac. 638.)

In denying a motion for a new trial, the trial court no doubt was convinced by the showing made in the affidavits that,

notwithstanding such additional facts as are shown in the affidavits, and also the new evidence alleged to have been discovered since the trial of the case as stated in the affidavits, all of such facts do not show that at the trial there had been a miscarriage of justice or a denial of any legal right of the appellants by the verdict of the jury. (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)

We find no error in the record which would justify a reversal of the judgment. The judgment is *affirmed.*

Costs awarded to respondent.

Sullivan, J., concurs.

AILSHIE, J., Concurring in Part.—I concur in an affirmance of the judgment. It seems, however, that the court is going to a great length and contrary to a long line of decisions of this court in holding that affidavits on motion for a new trial may be filed and considered after the expiration of the time granted by statute. This court has uniformly maintained a contrary doctrine, as will be seen from the following cases: *Hoehnan v. New York Dry Goods Co.,* 8 Ida. 66, 67 Pac. 796; *Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645; *Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676; *Simpson v. Pioneer Irr. Dist.,* 17 Ida. 435, 106 Pac. 1. I do not think it essential to a decision in this case that the court pass on this question, and for that reason do not care at this time to give my consent to overruling the doctrine established in this court by the foregoing authorities.