Points Decided.

(April 21, 1910.)

# COAST LUMBER CO., Plaintiff, v. FREMONT WOOD,. Judge, Defendant.

[108 Pac. 336.]

STATEMENT ON MOTION FOR A NEW TRIAL—AMENDMENTS TO—WHEN ADOPTED—PRESENTATION FOR SETTLEMENT—TIME FOR—JURISDIC- TION OF JUDGE—MANDATE.

(Syllabus by the court.)

1. Under the provisions of subd. 3 of sec. 4441, Rev. Codes, if a proposed statement on motion for a new trial be not agreed to by the adverse party, he must within ten days thereafter prepare amendments thereto and serve the same or a copy thereof on the moving party. If the amendments be adopted, the statement shall be amended accordingly and then presented to the judge who tried or heard the cause, for settlement, or be delivered to the clerk of the court for the judge. If not adopted, the proposed statement and amendments shall within ten days thereafter be, by the moving party, delivered to the clerk of the court for the judge and thereupon the same proceedings for the settlement of the statement shall be taken by the parties and clerk and. judge as are required for the settlement of bills of exception by sec. 4430, Rev. Codes. And if no amendments are served within the time designated, or if served, are allowed,. the proposed statement and amendments, if any, may be presented to. the judge; for settlement without notice to the adverse party.

2. Where proposed amendments and the proposed statement are not delivered to the clerk of the court for the judge within. ten days after the service of such amendments upon the moving party, the presumption is that such amendments have been adopted. and will be so treated, and the amendments and statement may be presented to the judge for settlement within a, reasonable time after the expiration of said ten days.

3. *Held,* under the facts of this case that the court had not. lost jurisdiction to settle the statement and that. he erred in re-- fusing to settle the same.

4. Under the provisions of said subd. 3 of sec. 4441, Rev.. Codes, in settling the statement, it is the duty of the judge to strike out of it all redundant and useless matter and make the statement truly represent the case, notwithstanding the assent of:

the parties to such redundant and useless matter or to any inaccurate statement.

5.  The case of *Miller v. Hunt*, 7 Ida. 486, 63 Pac. 803, cited and distinguished.

An original application to this court for a writ of mandate to Honorable Fremont Wood, Judge of the District Court of the Third Judicial District, to compel him to settle a statement on motion for a new trial.  Peremptory writ granted.

C. M. Kahn, and A. A. Fraser, for Plaintiff.

The question now before the court for decision has in principle been directly decided in the case of *Miller v. Hunt,* 7 Ida. 486, 63 Pac. 803.

The language of the statute with regard to the time when the statement to which no amendments have been proposed shall be presented to the trial judge for settlement is practically identical with the language in the statute where amendments have been proposed and thereafter adopted by the other party, and is directly in line with the California authorities upon this question.  (*Black v. Hilliker,* 130 Cal. 190, 62 Pac. 481; *Gay v. Torrence,* 143 Cal. 14, 76 Pac. 717; *Hoehnan v. Dry Goods Co.,* 8 Ida. 66, 67 Pac. 796; *Hicks v. Masten,* 101 Cal. 651, 36 Pac. 130.)

The language of the statute limiting the time to ten days within which time the amendments must be filed in order that the judge may have jurisdiction to settle them has reference only to the amendments proposed and served by the opposite party, and has no reference whatever to such amendments as the court may see fit to order on his own motion.

N. M. Ruick, for Defendant.

The action of the district judge in this matter is entirely justified by the decision of this court in *Hoehnan v. New York Dry Goods Co.,* 8 Ida. 66, 72-74, 67 Pac. 796.  See, also, *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060; *Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800; *Brown v. Hanley,* 3 Ida. 219,

28 Pac. 425; *Bank v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676.

"The judge having once refused to settle the statement, the matter was ended so far as that officer was empowered to settle it. The engrossed statement was then a new statement presented for allowance and the judge was not authorized to settle and allow it." (*Willis v. Kong,* 70 Cal. 548, 11 Pac. 780; *Ryer v. Rio Land etc. Co.,* 147 Cal. 462, 82 Pac. 62; *Henry v. Meguire,* 106 Cal. 142, 39 Pac. 600.)

In California, owing to the provision (Code Civil Proc., sec. 659) requiring five days' notice of settlement to be given within ten days after the amendments are proposed and served, it is held that the failure to give this notice, which is equivalent to notice of nonadoption, indicates that the amendments have been adopted. This could not be true under the Idaho statute, which contains no provision requiring notice of settlement to be given within the ten days and simultaneously with the delivery of the statement to the clerk or presentation of it to the judge.

The Kansas case, *Ferree v. Walker,* 54 Kan. 49, 36 Pac. 738, cited in the Hoehnan case, 8 Ida. 73, 67 Pac. 796, is a very strong case, and is cited and approved in *Phelps etc. Co. v. Deming,* 6 Kan. App. 502, 50 Pac. 944.

SULLIVAN, C. J.—This is an original application to this court for a writ of mandate to compel Honorable Fremont Wood, judge of the district court of the third judicial district, to settle a statement on motion for a new trial and appeal, in the case of Charles N. Maw, plaintiff, v. The Coast Lumber Co., a corporation. That action was brought to recover for injuries alleged to have been sustained by the plaintiff by reason of a defective, unsafe and insecure condition of a certain ripsaw used in the mill of the defendant. The said plaintiff was injured by being struck on the head by a piece of board or timber projected with great force from said ripsaw. That cause was tried by the court with a jury and a verdict was rendered and entered on April 14, 1909, in favor of the plaintiff, for $12,500. Thereafter the

lumber company made its motion for a new trial and pre-
pared and served upon the attorneys for said Maw its pro-
posed statement on motion for a new trial and appeal. There-
after the attorneys for said Maw served upon the attorney
for the Coast Lumber Co. his proposed amendments to said
statement on motion for a new trial, consisting of 120 dis-
tinct amendments. On the 22d day of February, 1910, the
attorney for the lumber company was informed by telephone
by the attorney for Maw that said judge of the district court
would settle said statement on that day, and the attorneys
for the respective parties appeared before the judge at the
time so fixed. At that time the attorney for Maw served
upon the attorney for the lumber company two certain
papers, one denominated "Objections by plaintiff to settle-
ment of defendant's proposed bill of exceptions," and the
other, "Additional objections by plaintiff to settlement of
defendant's proposed bill of exceptions."

Prior to the time of the service of said papers upon the
attorney for the lumber company, he had not made any objec-
tions to the adoption of the proposed amendments and had
not filed such proposed amendments with the clerk of the
court to be presented to the judge for settlement. He al-
leges, however, in his petition for the writ that he was willing
to and did accept all amendments served upon him prior to
February 22, 1910, and any objection or refusal he had to the
adoption of the same on said date was by reason of the
filing and serving upon said attorney of the paper denomi-
nated "Additional objections by plaintiff to settlement of
defendant's proposed bill of exceptions," which he claims
was in effect an amendment to the statement. At the time
of the hearing, the attorney for the lumber company made
some objection to some of the amendments offered. The
matter was then heard by the judge on said 22d day of Feb-
ruary and on the 24th day of that month, the judge an-
nounced orally that he would sustain the objections of coun-
sel for the plaintiff, Maw, to the settlement of said proposed
statement. Thereafter, on the 8th day of March, 1910, the
attorney for the lumber company duly presented to said judge

for settlement its proposed statement on motion for a new trial and appeal, duly engrossed. It contained the original statement theretofore served on said attorney for Maw as modified by the proposed amendments, and omitted from said statement all matters objected to by said counsel for Maw in his objections filed on February 22d. The district judge then and there refused to sign and settle said statement on the ground that he had no jurisdiction to sign and settle the same.

Upon that state of facts, this court issued the alternative writ of mandate and upon the return thereof, the defendant filed a general demurrer and answer to said application. Thereupon the Coast Lumber Co. filed its general demurrer to the answer of the defendant. Upon that condition of the record, the cause was argued by respective counsel and submitted for decision.

The question arises: Had the court lost jurisdiction to settle the proposed statement?

The facts above set forth are substantially admitted by the answer of the Honorable District Judge, and the following statement is found in the answer, to wit:

"Neither of the attorneys for plaintiff at any time suggested to me the fixing of a time for the settlement of the statement, neither did the defendant's attorney at any time notify me or indicate to me that he had accepted or adopted, or proposed to accept or to adopt, plaintiff's amendments to defendant's proposed statement on motion for a new trial or any portion thereof, prior to the hearing on February 22d, 1910, and then offered to accept a part only of the amendments proposed; that, at the time and place fixed by me, to wit, on February 22d, 1910, the matter of settlement of said proposed statement on motion for a new trial came on to be heard before me as judge of said court, N. M. Ruick appearing as attorney for plaintiff and Charles M. Kahn appearing as attorney for defendant. Whereupon Mr. Ruick, of counsel for plaintiff, filed objections to the settlement of defendant's proposed statement on motion for a new trial upon the ground that the court had no jurisdiction to settle said

proposed statement but had lost jurisdiction to settle the same by reason of facts appearing of record in said cause as follows:

"1. Said proposed bill of exceptions was served on N. M. Ruick, of counsel for plaintiff, on December 10, 1909.

"2. On December 18th, 1909, on the application of counsel for plaintiff, the judge of said court made an order extending the time allowed plaintiff under the statute within which to propose and serve amendments to defendant's proposed statement on motion for a new trial to and including thirty (30) days from said date.

"3. That, on January 15th, 1910, as shown by the written admission of service by defendant's attorney indorsed on such proposed amendments, plaintiff served upon counsel for defendant a copy of plaintiff's proposed amendments to said defendant's proposed statement on motion for a new trial.

"4. That said amendments were not adopted within the time allowed by the statute for the delivery of said proposed statement and proposed amendments to the clerk of the court for the judge, nor have the same ever been adopted.

"5. That said proposed statement and amendments were not, within ten (10) days after the service of such amendments upon the attorney for defendant, as shown by such admission of service (defendant being the moving party), delivered to the clerk of said court for the judge, nor had the same been so delivered, when said objection was made.

"That, after such objections had been made and presented, counsel for defendant delivered to me, the Judge of said court, the copy theretofore on January 15th, 1910, served upon him of plaintiff's proposed amendments to defendant's proposed statement on motion for a new trial and then and there offered to accept a part only of the amendments proposed. This was the first time and occasion on which said amendments had been presented to me. That thereafter in open court on the 24th day of February, 1910, N. M. Ruick being present representing the plaintiff, and C. M. Kahn being present representing the defendant, and, after con-

sidering the objections offered by plaintiff to the settlement of the proposed statement on motion for a new trial, I sustained such objections upon the ground and by reason of the facts as hereinbefore stated, and then and there declined and refused to settle said proposed statement upon the ground that, as such judge, I had no jurisdiction to settle said proposed statement but had lost jurisdiction to settle the same by reason of the facts as hereinbefore stated, and I then and there directed Mr. Ruick, counsel for plaintiff, to prepare a certificate and order embodying the facts and the ruling of the court and present it for my signature.

"Shortly thereafter and before the order was signed, Mr. Alfred A. Fraser, attorney, not then an attorney of record in the cause and whom I then for the first time learned was interested as an attorney on behalf of defendant, requested me to withhold my signature to the order until he could present a further application for the settlement of the statement, stating that he would have to have time to engross the statement and include the amendments therein; in compliance with which request, I withheld signing said certificate and order containing the facts and my decision of February 24th, until after the presentation, as hereinafter referred to, of the engrossed statement.

"That, on the 28th day of February, 1910, said defendant, Coast Lumber Company, through its attorney, C. M. Kahn, withdrew the original proposed statement on motion for a new trial, which had been handed to me by the clerk of the court on the 10th day of December, 1909, and also withdrew at the same time the proposed amendments of plaintiff presented to me for settlement on the 22d day of February, 1910.

"That, thereafter, on the 8th day of March, 1910, the defendant appearing by its attorneys, C. M. Kahn and Alfred A. Fraser, presented to me as such judge an engrossed statement on motion for a new trial in said cause for settlement: said engrossed statement consisting of the original proposed statement on motion for a new trial served and filed on the 10th day of December, 1909, with the amendments served

on the defendant on the 15th day of January, 1910, incorporated and embodied therein, with the request from the attorneys for said defendant, that the same be settled as said defendant, Coast Lumber Company's, statement on motion for a new trial, giving me as a reason that said defendant had then accepted the amendments proposed by plaintiff to said defendant's statement on motion for new trial, which said application to settle said statement on motion for new trial. I declined and declined to settle said statement, for the reason that the matter had already been disposed of by my decision and order of February 24th, 1910, and that I had no jurisdiction to settle said statement, and for the further reason the said proposed amendments had not been accepted and incorporated in the original statement on motion for a new trial and presented to me as judge for settlement within a reasonable time after the service of said amendments.

"Whereupon, I then and there subscribed to a certificate in writing of the proceedings on the refusal by me as such judge to settle said proposed statement on motion for a new trial in the said cause of Maw, plaintiff, v. Coast Lumber Company, defendant, a copy of which said certificate and order is hereto annexed, marked 'Defendant Fremont Wood's Exhibit No. 1,' and made a part of this answer and showing why I, as judge of said court, should not settle said statement on motion for a new trial."

It will be observed from the allegations of the answer above set forth that the judge concluded from the facts presented that he had lost jurisdiction to settle said statement. The provisions of the statute in regard to the settlement of a statement on motion for a new trial, applicable to this case, are found in subd. 3 of sec. 4441 of the Rev. Codes of 1909, which is as follows:

"If the motion is to be made on a statement of the case, the moving party must, within ten days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof may allow, prepare a draft of the statement, and serve the same, or a copy thereof, upon the adverse party.

"If such proposed statement be not agreed to by the adverse party, he must, within ten days thereafter, prepare amendments thereto, and serve the same, or a copy thereof, upon the moving party. If the amendments be adopted, the statement shall be amended accordingly and then presented to the judge, who tried or heard the cause, for settlement, or be delivered to the clerk of the court for the judge. If not adopted, the proposed statement and amendments shall, within ten days thereafter, be by the moving party delivered to the clerk of the court for the judge; and thereupon the same proceedings for the settlement of the statement shall be taken by the parties, and clerk and judge, as are required for the settlement of bills of exception by section 4430. If the action was heard by a referee, the same proceedings shall be had for the settlement of the statement by him as are required by that section for the settlement of bills of exception by a referee. If no amendments are served within the time designated, or if served are allowed, the proposed statement and amendments, if any, may be presented to the judge or referee for settlement without notice to the adverse party. When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient.

"When the notice designates as the ground of the motion errors in law occurring at the trial and excepted to by the moving party, or deemed excepted to, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion. It is the duty of the judge or referee in settling the statement, to strike out of it all redundant and useless matter and to make the statement truly represent the case, notwithstanding the assent of the parties to such redundant or useless matter, or to any inaccurate statement. When settled, the statement shall be signed by the judge or referee, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk."

It will be observed from the above provisions that if a proposed statement be not agreed to by the adverse party, he must within ten days thereafter prepare amendments thereto and serve the same, or a copy thereof, on the moving party, and if the amendments be adopted, the statement shall be amended accordingly and then presented to the judge who tried or heard the cause, for settlement, or be delivered to the clerk of the court for the judge; and if not adopted, the proposed statement and amendment shall within ten days thereafter be by the moving party delivered to the clerk of the court for the judge. In this case the amendments were not delivered to the clerk for the judge within ten days after they were served on the moving party. From that fact the presumption arises that they were adopted. The statute does not make it the duty of the moving party to deliver the amendments to the clerk for the judge unless they are not adopted. Said statute provides in cases where the amendments are adopted that the statement with the proposed amendments may be presented to the judge for settlement without notice to the adverse party, and as no time is fixed by the statute in which they must be presented to the judge, if they are presented within a reasonable time, the law is satisfied. However, in this case it is contended that on the 22d of February, the time fixed by the court for settling said statement, counsel for the adverse party moved to strike out certain portions of said proposed statement and objected, on the grounds above set forth, to its settlement. Thereupon counsel for the moving party insisted that all of said amendments should not be allowed, and the court concluded that it had lost jurisdiction to settle the statement, for the reason that all of the amendments proposed had not been adopted by counsel for the moving party. If the failure of the moving party to deliver to the clerk for the judge the proposed amendments within ten days after their service on him was in effect an adoption of the amendments, that ended the matter, and the amendments were adopted, and it was too late for the moving party then to object to such amendments or refuse to adopt them. It was also too late for the adverse

party to offer any amendments after the time had expired in which he was given to serve his amendments.

From the facts presented, the matter stood on the 22d of February in this condition, and it must be borne in mind that the hearing on that day was not brought on by counsel for either of the parties, but on the suggestion of the judge. Counsel for the adverse party moved to strike certain matter from the proposed statement that was not embodied in his proposed amendments, and also raised other objections to the settlement of the statement. Counsel for the moving party thereupon contested the matter and urged that certain of the amendments proposed ought not to be adopted, and the judge took the view that as counsel for the moving party objected at that time to the adoption of certain amendments, that he had lost jurisdiction to settle said statement, for the reason that the proposed amendments had not been delivered to the clerk for him within ten days after service of such amendments. But under the law it was too late for counsel for the adverse party to ask for anything additional that would result in the amendment of the statement, and it was also too late for the moving party to insist that he had not adopted all of the amendments, and the court erred in holding that he had lost jurisdiction, and should have directed the proposed statement, with all of the amendments that had been proposed in time, to be engrossed and settled, and after that was done, if said engrossed statement then truly represented the case, it was the judge's duty to settle it. It is the judge's duty, however, notwithstanding the assent of the parties to a statement or bill of exceptions, to strike out of it all redundant or useless matter and to make it truly represent the facts of the case. By the provisions of said statute, it is incumbent upon the judge to strike from a proposed statement all redundant and useless matter, regardless of whether the parties have agreed to it or not, and to insert any matter necessary to make the statement speak the truth. In other words, the judge is not bound to settle a statement if assented to by both parties, unless it speaks the truth and

truly represents the case.   (*Humbird Lumber Co. v. Kootenai Co.*, 10 Ida. 490, 76 Pac. 396.)

Counsel for the defendant contends that the action of the judge in this matter was probably predicated upon and was justified by the decision of this court in *Hoehnan v. New York Drygoods Co.*, 8 Ida. 66, 67 Pac. 796.   This court held in that case if amendments are proposed to a statement on motion for a new trial and not adopted by the moving party, under the provisions of subd. 3 of sec. 4441, Rev. Codes, they must be delivered to the clerk for the judge, and if the amendments be adopted, the statement shall be amended accordingly and then presented to the judge who tried the case for settlement, or be delivered to the clerk of the court for the judge, and if the time for settlement of the statement has expired and such fact appears from the record, the trial court is without jurisdiction to settle the same.   The facts in that case were different from the facts in the case at bar, and it was held under that state of facts that the statutory time for the settlement of the statement had lapsed and the court had no jurisdiction to extend the time.   The question presented in the case at bar was not presented in that case.   Counsel in that case did not adopt the proposed amendments but insisted on having such amendments settled, and set up facts tending to show excusable neglect for having failed to deliver the amendments to the clerk for the judge within ten days after their service.   The moving party in that case was not willing and did not consent to the adoption of the proposed amendments, whereas in the case at bar, it appears that the amendments were adopted.

Counsel also cite *Wills v. Kong*, 70 Cal. 548, 11 Pac. 781. That case involved the settlement of a statement to which amendments had been proposed.   Upon objection by the plaintiff, the judge refused to settle the statement.   The defendant thereafter engrossed the statement with the proposed amendments and presented the engrossed statement to the judge for settlement, after the time for service of the statement had passed.   It was held under the statute of California that the judge was not authorized by the statute to settle

the statement under that state of facts. Subd. 3 of sec. 659 of the California C. C. P. reads as follows: "If not adopted, the proposed statement and amendments shall, within ten days thereafter, be presented by the moving party to the judge upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge." That subdivision is different from the provisions of subd. 3 of sec. 4441 of the Idaho Code above quoted.

In *Hicks v. Masten, Judge*, 101 Cal. 651, 36 Pac. 130, the court had under consideration subd. 3 of said section 659 of the Cal. C. C. P., and it was there held that the written notice required by the provisions of said section of the presentation of a proposed bill of exceptions and the amendments thereto to the judge for settlement is for the benefit of the adverse party and may be waived by him. In open court, when the attorney for the adverse party was present, counsel for the moving party requested the court to fix a time for the settlement of the bill of exceptions, and the judge, from the bench, stated that the bill of exceptions and objections to the settlement and proposed amendments to the bill had been left with him for settlement, and that he would proceed to settle the same on the 12th day of April, 1902, at 10 o'clock at his chambers, and requested both parties to be present. No written notice of the presentation of the proposed bill and amendment was served by the moving party. At the time fixed by the court, the counsel for both parties were present and the adverse party's attorney then presented written objections to settling the bill, upon two grounds: First, that the proposed bill of exceptions was not prepared and served in time; second, that the five days' notice in writing required by the Code had not been given, and on the latter ground the judge refused to settle the bill. The supreme court held under that state of facts that the court erred in not settling the bill, and in that case the court cites the case of *Wills v. Kong, supra,* and quotes from it as follows: "The judge having once refused to settle the statement, the matter was ended so far as that officer was empowered to settle it." The court then said: "What was

there said was upon facts which justified it. It was said of a statement presented long after the time for the service of a statement had passed, and after the court had refused to settle a prior statement, no complaint as to the refusal to settle the first statement appearing in the case,'' and directed the writ of mandate to issue requiring the judge to settle the statement. Provisions of our statute for the settlement of statements on motion for a new trial must be liberally construed with a view to promoting the rights of the parties and in the interest of justice. (Sec. 4, Rev. Codes; *Douglas v. Southern Pac. Co.*, 151 Cal. 242, 90 Pac. 538.)

In *Miller v. Hunt*, 7 Ida. 486, 63 Pac. 803, this court held that where no amendments were served on the adverse party to a proposed statement within the statutory time, the provisions of sec. 4441 do not limit the time within which to present the statement for settlement. Of course, the facts of that case are not the same as the facts in the case at bar.

In accordance with the conclusion that we have above reached, the failure of the moving party to deliver the amendments with the proposed statement to the clerk for the judge within ten days after such amendments are served is in effect an adoption of such amendments, in which case the statement may be settled by the court within a reasonable time. It is therefore ordered that the peremptory writ of mandate do issue against the respondent, commanding him to proceed and settle and certify said statement.

Costs are awarded to the plaintiff.

Stewart and Ailshie, JJ., concur.