(October 21, 1912.)

CHARLES F. LEE et al., Plaintiffs, v. J. M. STEVENS, Judge, Defendant.

[127 Pac. 680.]

RECEIVER—APPOINTMENT OF—EX PARTE—UNDERTAKING—BY APPLICANT.

(Syllabus by the court.)

1. Under the provisions of sec. 4331, Rev. Codes, if a receiver be appointed upon an *ex parte* application, the court, before making the order, may require from the applicant an undertaking, as in said section provided, and in an amount fixed by the court.

2. Under the provisions of that section (sec. 4331), it is left to the legal discretion of the court whether the applicant shall give the undertaking there prescribed before a receiver is appointed, and the court may in its discretion, at any time after said appointment, require an undertaking to be given by the applicant.

Original application for a writ of prohibition to restrain the district court of the sixth judicial district, or the judge thereof, from further proceedings under an order and citation for contempt. On the application of the plaintiffs the alternative writ was issued, which writ, after the hearing, is quashed and the peremptory writ denied.

O. M. Hall, for Plaintiffs.

The provisions of the statute are plainly for the benefit of the defendant, and in accordance with the universal interpretation of statutes of this kind, it must be held to be mandatory and not discretionary with the court. (Endlich on Interpretation of Statutes, secs. 310, 312, and cases cited; Bishop, Statutory Crimes, sec. 112; *Supervisors v. United States*, 4 Wall. (U. S.) 435, 446, 18 L. ed. 419; *Kansas City, W. & N. W. R. Co. v. Walker*, 50 Kan. 739, 32 Pac. 365; *Wheeler v. City of Chicago*, 24 Ill. 105, 76 Am. Dec. 736; *First National Bank v. Neill*, 13 Mont. 377, 34 Pac. 180; *Kohn v. Hinshaw*, 17 Or. 308, 20 Pac. 629; *State ex rel. Green v. Henry*, 87 Miss. 125, 40 So. 152, 5 L. R. A., N. S., 340, and notes.)

Hansbrough & Gagon and J. H. Richards, for Defendant, cite no authorities on points decided.

SULLIVAN, J.—This is an original proceeding in this court to obtain a writ of prohibition to restrain and prohibit the district court of the sixth judicial district and the judge thereof from further proceedings under an order and citation for contempt of court issued out of said court, against Charles F. Lee, Julia A. Lee, Conrad Miller, Lorenzo Hammer and O. M. Hall.

The following facts appear from the record: Said citation for contempt was issued in the case of W. A. Lee et al. against Charles F. Lee. It is stated in the citation, in substance, that one C. S. Beebe was duly appointed receiver in said cause, and as such receiver had in his possession certain personal property, and that the plaintiffs herein conspired together and took from the receiver said property. It appears that the order for the return of the property has been carried into effect by the return of the property to the receiver from whom it was taken, and the contempt proceedings were stayed by the issuing of the alternative writ in the present case. The ground upon which the plaintiffs are seeking this peremptory writ is that the order of the court in appointing said receiver was made without jurisdiction and therefore void.

It is contended that the court had no jurisdiction to appoint said receiver for the following reasons: First, that the record shows said receiver was appointed *ex parte* and without notice to Charles F. Lee, who was defendant in said action in which the receiver was appointed, and that no undertaking on behalf of the defendant was required of the plaintiffs or given by them prior to the appointment of said receiver; second, that the allegations of the complaint are not sufficient to warrant the appointment of a receiver *ex parte;* third, that the material allegations of the complaint which were considered by the court in appointing said receiver are made on information and belief.

It appears from the allegations of the complaint, under which a receiver was appointed, that the plaintiffs are the owners of certain lands, livestock and farming implements that were used in farming said land; that they leased said land and personal property to the defendant, one of the plaintiffs in this action, and that in utter disregard of the terms of said lease the defendant had disposed of certain personal property from said ranch and had failed and neglected to comply with the terms of said lease; that the defendant had already sold several hundred dollars' worth of grain from said premises, and refused to account to the plaintiffs for their share of the same, and that the defendant threatened and was about to convert said personal property to his own use, to the great and irreparable injury of the plaintiffs; that the defendant was insolvent and unable to respond in damages to any amount.

It is first contended that under the provisions of sec. 4331, Rev. Codes, a receiver cannot be appointed *ex parte* unless the judge or court requires from the applicant an undertaking, with sufficient sureties to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver. Said section is as follows:

"No party, or attorney, or person interested in an action can be appointed receiver therein, without the written consent of the parties filed with the clerk. If a receiver be appointed

upon an *ex parte* application, the court, before making the order, may require from the applicant an undertaking, with sufficient sureties, in an amount to be fixed by the court, to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver and the entry by him upon his duties, in case the applicant shall have procured such appointment wrongfully, maliciously, or without sufficient cause; and the court may, in its discretion, at any time after said appointment, require an additional undertaking.''

It will be observed from the provisions of said section that ''the court, before making the order, may require from the applicant an undertaking.'' It is contended by counsel for the plaintiffs that the word ''may,'' as used in that section, means ''must,'' and that the court had no jurisdiction to appoint a receiver until he entered an order requiring the applicant to give an undertaking as provided by said section. The question is directly presented whether the word ''may'' as there used means ''must.''

The legislature, from the wording of said section, evidently intended to leave the matter to the legal discretion of the court as to whether an undertaking should be required from the applicant or petitioner for a receiver, and under the facts alleged in the complaint we do not think the court abused its discretion in not requiring an undertaking from the applicant or plaintiff in that action.

The alternative writ must be quashed and this proceeding dismissed, and it is so ordered, with costs in favor of defendant.

Stewart, C. J., concurs.

AILSHIE, J., Dissenting.—I do not agree with the conclusion reached in this case. It seems to me that sec. 4331 is intended to be mandatory upon any court, when it appoints a receiver *ex parte,* in requiring an undertaking for the protection of the person whose property is being taken without a hearing or any chance of a hearing. It does not seem to me

reasonable to suppose that the legislature ever intended to authorize a court to appoint a receiver to take charge of another man's property without giving him any notice or any opportunity to be heard, and to do so without requiring the party applying for such an order to give some security for the protection of the absent party whose property is to be taken from him without any hearing whatever. The rule is very generally recognized by courts that the word "may" in statutes is used in the mandatory sense wherever it involves the rights of the public or third persons. In other words, where it involves or affects parties not before the court and who are not given a hearing, the word is generally construed by courts, and so understood by lawmakers as having a mandatory significance rather than a permissive or discretionary import. (Endlich on Interpretation of Statutes, secs. 310, 312; *Supervisors v. United States,* 4 Wall. 435, 18 L. ed. 419; *First National Bank of Helena v. Neill,* 13 Mont. 377, 34 Pac. 180; *State v. Kent,* 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686; *Kohn v. Hinshaw,* 17 Or. 308, 20 Pac. 629; *Wheeler v. City of Chicago,* 24 Ill. 105, 76 Am. Dec. 736; *Rock Island County Supervisors v. United States,* 71 U. S. (4 Wall.) 435, 18 L. ed. 419.)

Our statute itself is significant in the different aspects in which it uses the word "may" in the same sentence of sec. 4331. In the first place, it says: "If a receiver be appointed upon an *ex parte* application, the court, before making an order, may require from the applicant an undertaking," etc., and in the latter part of the sentence is found the following language: "and the court may, in its discretion, at any time after said appointment, require an additional undertaking." Now, if the word "may" was not used in the mandatory sense in the first part of the sentence, why should the lawmakers have added the words "in its discretion" following the word "may" in the latter part of the sentence? An analysis of this sentence convinces me that the lawmakers thought the court would have no discretion about requiring a bond upon the appointment of a receiver *ex parte,* but rather that it would be mandatory upon him. On the other hand, they thought

to leave it in the "discretion" of the court as to whether he would require an additional bond at any time after the appointment of the receiver. To put it another way: A bond must be given in some amount at all hazards upon the appointment of a receiver on an *ex parte* application, but requiring an additional bond thereafter was intended to be left in the *discretion* of the court as indicated in the latter part of the sentence. If it was intended that the taking a bond in the first place should be in the discretion of the court, then I cannot see why the words "in its discretion" should have been added in the latter part of the sentence.

For the foregoing reasons I dissent from the views expressed by the majority of the court.