(January 12, 1920.)

FRANK ROBINSON et al., Respondents, v. ST. MARIES
LUMBER COMPANY, a Corporation, and G. A. BRAN-
SON, Appellants.

[186 Pac. 923.]

APPEAL AND ERROR—MOTION TO DISMISS—STRIKING TRANSCRIPT FROM
THE RECORD.

1. The signature of an attorney to a notice of appeal may be
affixed thereto by another person duly authorized so to do.

2. A notice of appeal from which the identity of the judgment
appealed from can be determined is sufficiently definite in that
respect.

3. Where an undertaking for costs on appeal is not filed within
five days after the filing of the notice of appeal, the appeal is in-
effectual for any purpose, and is not a bar to another appeal.

4. An undertaking on appeal is sufficient where it is shown that
it was filed simultaneously with the notice of appeal, although it
appears to have been signed on a date previous thereto, but after
the judgment or order appealed from had been made and entered.

5. A respondent will be held to have waived the objection that
the reporter's transcript of the testimony was not lodged within the
time prescribed by the order of the trial judge, or an extension
thereof, by affirmative action on his part indicating consent to its
settlement or use thereof for any purpose after settlement.

6. The amendments to a reporter's transcript may be incorpo-
rated therein by a reference, in the court's order settling the tran-
script, to a stipulation of the parties designating the amendments,
where the proposed amendments are easily identified, in the absence
of a statute or rule of court requiring that the corrections be made
in the transcript itself before settlement.

APPEAL from the District Court of the Eighth Judicial
District, for Benewah County. Hon. R. N. Dunn, Judge.

Motions to dismiss appeal and strike transcript. *Denied.*

Cannon & Ferris, Wm. D. Keeton and J. B. Hogan, for
Appellant.

The respondents by signing the stipulation shown in the
record and agreeing that the reporter's transcript might be

settled and allowed with their express consent have waived, and are estopped to now make any objection. (*Kelley v. Clark*, 21 Ida. 231, 121 Pac. 95; *Stufflebeam v. Montgomery*, 3 Ida. 20, 26 Pac. 125.)

No provision is made in the California statute for extensions by stipulation or agreement, and yet the supreme court of California has uniformly held that failure to object or a stipulation eliminates any objection which might otherwise be urged with reference to the service, filing or settlement of a bill of exceptions. (*Slye v. Hunt*, 29 Cal. App. 117, 154 Pac. 607; *Hicks v. Masten*, 101 Cal. 651, 36 Pac. 130; *Horton v. Jacks*, 115 Cal. 29, 46 Pac. 920; *O'Brien v. O'Brien*, 124 Cal. 422, 57 Pac. 225; *Kramm v. Stockton Elec. R. R. Co.*, 22 Cal. App. 737, 136 Pac. 523; *Simpson v. Budd*, 91 Cal. 488, 27 Pac. 758; *Cheney v. Cooper*, 14 Neb. 413, 16 N. W. 433; *Thompson v. Missouri Pac. Ry. Co.*, 50 Neb. 329, 69 N. W. 1119; *Nash v. Costello*, 50 Neb. 325, 69 N. W. 969; *Omaha & N. W. Ry. Co. v. Redick*, 14 Neb. 55, 14 N. W. 665; *Loeff v. Taussig*, 102 Ill. App. 398; *Hawes v. People*, 129 Ill. 123, 128, 21 N. E. 777; *Williams v. United States Fidelity & Guaranty Co.*, 105 Md. 490, 66 Atl. 495; 4 C. J. 61, 62, 259; 4 Standard Ency. of Procedure, 337; *Sorg v. Wells*, 31 S. D. 432, 141 N. W. 384; *Drake v. Dodsworth*, 4 Kan. 159.)

All of the parties, including the trial court, understood from the stipulation and the trial court's certificate that the errors pointed out in the stipulation were deemed corrected pursuant to the stipulation. The statute or the rules of this court nowhere refer to any engrossment of a reporter's transcript. Where a large number of amendments and additional matter to the reporter's transcript was served and filed, it was not necessary that the statement be engrossed. (*Shumake v. Shumake*, 17 Ida. 649, 107 Pac. 42; *Weems v. McDavitt*, 49 Kan. 260, 30 Pac. 481.)

The bond in contemplation of law is executed at the time of its delivery, it not being effective for any purpose until its delivery. (*Zienke v. Northern Pac. Ry. Co.*, 7 Ida. 746, 65 Pac. 431; *Atchison etc. R. Co. v. Baker* (Ind. Ter.), 104 S. W.

1182, 1193; *State v. Alta Silver Min. Co.*, 24 Nev. 230, 51 Pac. 982; *James v. Woods,* 65 Miss. 528, 531, 5 So. 106; *Chataugay Ore & Iron Co. v. Blake,* 35 Fed. 804; *Dore v. Covey,* 13 Cal. 502; 1 Ency. of Pl. & Pr. 977; *Covert v. Shirk,* 58 Ind. 264; *Byers v. Cook,* 13 Or. 397, 10 Pac. 417; *Dahl v. Tibbals,* 5 Wash. 259, 31 Pac. 868; 3 C. J. 1299; *Paul v. Cragnaz,* 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540; *Stackpole v. Hermann,* 126 Cal. 465, 58 Pac. 935.)

McFarland & McFarland, for Respondents.

No undertaking on appeal was filed.    (*Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583.)

The notice of appeal was not signed by J. B. Hogan, Branson's attorney, but Hogan authorized Cannon & Ferris to attach his name to the notice.    Our practice does not contemplate that appeals may be taken in that way.    (*Poppleton v. Nelson,* 10 Or. 437; *Prescott v. Salthouse,* 53 Cal. 221.)

The pretended proof of service shows that it was not attempted to be served until too late.    (*Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920.)    Failure to make such service as required by the statute divests this court of jurisdiction to entertain the appeal.    (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.)

The order of the judge settling the transcript and the stipulation clearly show that the transcript is not a true and correct transcript of the evidence and proceedings had upon the trial of the case.    A stipulation cannot take the place of the transcript required by statute.    (*Hansen v. Boise-Payette Lbr. Co.*, 31 Ida. 600, 174 Pac. 703.)

A reporter's transcript serves the same purpose and the same office as a statement of the case on motion for a new trial or bill of exceptions, and where amendments are offered and allowed to the transcript, such transcript as amended must be engrossed before the court will consider the same.    (*Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831; *Crowley v. Croesus G. & C. Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

RICE, J.—Respondents move to dismiss the appeal of G. A. Branson upon the ground that the notice of appeal was not signed by Branson or by J. B. Hogan, his attorney, but that the name of J. B. Hogan was signed to the same by Cannon & Ferris, or one of them, and that Cannon & Ferris were not resident attorneys of the state of Idaho.

This contention cannot be sustained. It was shown by affidavit that Hogan authorized his name to be signed to the notice of appeal by Cannon & Ferris. The signature of Hogan to the notice of appeal, made by his authority, is sufficient. (*Woods v. Walsh,* 7 N. D. 376, 75 N. W. 767.)

A motion is made to dismiss the appeal upon the ground that the notice of appeal does not specify the judgment from which the appeal is taken. The notice refers to the judgment as having been signed and entered on the thirty-first day of August, 1918. The judgment contained in the transcript is dated Aug. 31, 1918, but was filed Sept. 4, 1918. It is plain that there was but one final judgment entered in the cause. The notice of appeal in this respect is sufficient to designate the judgment from which the appeal is taken. *(Anderson v. Goff,* 72 Cal. 65, 1 Am. St. 34, 13 Pac. 73; *Paul v. Cragnaz,* 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540; *State v. Hanlon,* 32 Or. 95, 48 Pac. 353; *McConnell v. Spicker,* 13 S. D. 406, 83 N. W. 435.)

It is also urged that the appeal should be dismissed because a former appeal had been perfected, and that necessarily only the first appeal gives jurisdiction to this court. Upon suggestion of diminution of the record, a copy of the former notice of appeal was brought to this court, and also copy of an undertaking. These records, however, fail to show that the former appeal was perfected. It does not appear that an undertaking for costs on appeal was filed. The undertaking shown by the record was only for stay of proceedings. The first appeal, therefore, was ineffectual for any purpose (*Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583.)

Respondents also urge as ground for dismissal that the undertaking on appeal was dated Nov. 21, 1918, and recites that it is given in consideration of an appeal already taken, while the notice of appeal was filed Nov. 23, 1918.

In *Zienke v. Northern Pac. Ry. Co.,* 7 Ida. 746, 65 Pac. 431, it was held that an undertaking on appeal is not executed until filed with the clerk, and is sufficient where it is shown that the undertaking was filed simultaneously with the notice of appeal, although it appears to have been signed upon a date previous thereto, but after the order appealed from had been made and entered.

This ground of motion to dismiss the appeal is without merit.

Respondents also move to strike the reporter's transcript from the record, for the following reasons: (1) That the same was not lodged with the clerk of the lower court within the time provided therefor by the order of the trial court or judge, or any extension of the time granted by the judge or court; (2) that the record does not show that the reporter's transcript of the testimony was served upon respondents, or their attorney, within the time provided therefor by law; (3) that the transcript of the testimony was not settled by the trial court or judge as required by the statute.

The record shows that the order for reporter's transcript was made on April 5, 1918, and that it directed the reporter to complete and lodge his transcript of the testimony with the clerk within thirty days from the date of the order. The transcript is indorsed as lodged Oct. 15, 1918. On Nov. 22, 1918, a stipulation between the parties was filed, in which it was stipulated and agreed that the reporter's transcript was received by appellants Oct. 15, 1918, and served upon respondents Oct. 16, 1918. This stipulation provided that the transcript might be corrected in certain particulars, and that with the exception of the proposed corrections it was correct and might be settled and allowed. On the same day the trial court made the following order:

"The transcript of the testimony in the case having been served and filed as provided for by law in the above-entitled action, and the appellant and respondents having pointed out no errors, except such as are stipulated, pursuant to stipulation of counsel:

"It is ordered, that the transcript of the testimony transcribed by the reporter in this action be and it is hereby settled and allowed and is hereby certified by me to be the transcript of the evidence offered, taken and transcribed in this action."

With reference to the first ground urged for striking the transcript, it may be stated that by stipulating that it might be settled by the trial court, respondents waived the objection that it was not lodged with the clerk within the time ordered by the trial judge or some extension thereof.

In the case of *Boise-Payette Lumb. Co. v. McCarthy*, 31 Ida. 305, 170 Pac. 920, objection was made to the settlement of the reporter's transcript on the ground that service of the same was not made within the time prescribed by the statute, and we held that the court was bound to sustain the objection, but it was pointed out in that case that the question as to whether such service, within the time prescribed by the statute, might be waived, was not under consideration. (See *Coast Lumb. Co. v. Wood*, 18 Ida. 28, 108 Pac. 336.)

The language of C. S., sec. 6886, with reference to the time within which a reporter's transcript must be completed and lodged with the clerk of the district court, is similar to the language employed in Rev. Stats., sec. 4441, prescribing the time within which the statement of the case on motion for new trial must be prepared and served on the adverse party. Similar language is also found in Rev. Stats., sec. 4430, with reference to the time within which a draft of a bill of exceptions must be prepared and served upon the adverse party. The following cases were decided while the Rev. Statutes were in force:

In *Hoehnan v. New York Dry Goods Co.*, 8 Ida. 66, 67 Pac. 796, it is said:

"An investigation of the authorities discloses that when there is an objection or protest to the settlement of the statement, as was the case here, the court has no jurisdiction to extend the time, or settle the statement if the statutory time has elapsed, and hence it is not a matter of discretion."

In the case of *Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800, it is said:

"After the time has expired for serving and filing a proposed statement or bill of exceptions, the judges or court had no power to extend the time."

In that case it does not appear that respondent took any action by which he consented to the settlement or waived service of statement after the expiration of the time.

In the case of *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060, the appeal was from an order of the trial court, in which it granted an extension of time for preparation of bill of exceptions and statement on motion for a new trial. The application for extension was not made until the previous time granted had expired. It was held that the court had no power to grant an extension.

In the case of *Simpson v. Pioneer Irr. Dist.,* 17 Ida. 435, 106 Pac. 1, extensions of time for the preparation of statement on motion for new trial had been granted by the trial judge, after the time previously allowed had expired, upon stipulation of counsel in the case. It was held that it would not be presumed that by merely entering into a stipulation extending the time for preparing such statement and bill of exceptions, they intended to confer jurisdiction upon the judge or court that had theretofore been lost. Respondent in that case objected to the settlement of the statement by the trial judge, and it was held that he properly refused to settle the same.

In *Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676, it is said:

"The trial court had made an order extending the time for preparing statement to June 7, 1906. Thereafter, a further order was made, but the second order was not made until

after the expiration of the time allowed by the first order. When the statement was presented for settlement, on motion of the adverse party, the same was stricken from the files, and the court refused to settle it on the ground that it had not been presented in time and the court had lost jurisdiction to settle or allow it. The action of the court was clearly correct, and in conformity with repeated decisions of this court.''

In *Stufflebeam v. Montgomery,* 3 Ida. 20, 26 Pac. 125, it appeared that the bill of exceptions was served after the time provided by statute for such service had expired, but after the service the attorneys for respondents certified that the proposed bill of exceptions was correct, and it was settled by the district judge. In the opinion it is said:

''The record contains no objection or exception by respondents to the settlement of said bill of exceptions, nor to its being submitted to the judge at the hearing of the motion for new trial. The respondents had knowledge of the fact that appellants would apply to the judge to have said bill of exceptions settled. Respondents' attorneys certified to the correctness of said bill of exceptions, and permitted it to be used on the hearing of appellants' motion for new trial, without objection. The respondents, by said acts, waived their right to said objection.''

The case of *First Nat. Bank v. Shaw,* 24 Ida. 134, 132 Pac. 802, was decided after the law now in force with reference to the method of taking appeals to this court was enacted. In that case it is said:

''The first question presented is a motion that the bill of exceptions be stricken from the transcript, upon the ground that such bill of exceptions was neither served nor settled within the time allowed by the statute or order of the court or judge. It will be observed that the record shows that the bill of exceptions was settled on the 29th day of October, 1912, by the judge of said district court. The record does not show that any objections were made at the time of the settlement, that such bill of exceptions had not been served, and this court will presume that such service was made.

"There is also attached to the bill of exceptions a stipulation, wherein counsel for the respective parties agreed that the bill of exceptions is correct as engrossed, and that the same was allowed and agreed to by the respective counsel.

"Under these facts we are of the opinion that it is too late to raise this question for the first time in this court, and that the respondents are estopped from raising the same by reason of the stipulation.    Where a bill of exceptions is questioned, counsel for respondent should call the trial court's attention to the defect and present such questions to the trial judge for consideration.    The appellant is entitled to have a hearing upon the objections, and if such objections are not made at that time, they cannot be first made in this court."

While the foregoing opinions may be and probably are contradictory and confusing, we think the true rule is as follows: The matter is not jurisdictional, but if the reporter's transcript of the testimony be not lodged with the clerk within the time prescribed in the order of the judge, or an extension thereof, granted before the expiration of the time already allowed, upon proper and seasonable objection to the trial judge he should refuse to settle the transcript, unless it be shown that the lapse of time occurred without fault on the part of appellant.    But the respondent will be held to have waived the objection that the transcript was not lodged in time by any affirmative action indicating consent to its settlement, or the use thereof for any purpose after settlement.    A stipulation entered into by the respondent, consenting to the settlement of the transcript, constitutes such affirmative action, and is a waiver of the objection that the transcript was not lodged in time.

The grounds for a motion to strike a transcript should appear upon the record itself, and are not properly presented to this court in a new and original proceeding, the determination of which may require a finding of fact by this court upon evidence presented outside the record.

The second ground for striking the transcript is without merit.    The record discloses that the service was made within the time required by statute.

Lastly, it is objected that the transcript was not settled by the trial court as required by the statute. This ground is not well taken. The point made is that attorneys for appellants and respondents having stipulated that there were certain errors in the transcript as lodged, the transcript must be amended by making the corrections designated and settled as amended. This, of course, is proper practice, but the trial judge is not bound to accept the proposed amendments, even though agreed to by both appellant and respondent. It is his duty to make the reporter's transcript speak the truth.

We think, however, that it was the intention by this order to approve the suggested corrections, and incorporate them in the statement by reference to the stipulation, and, as so amended by reference, to settle the transcript. The stipulated corrections may be considered as incorporated in the court's order by reference thereto. The transcript in this case, therefore, was settled as amended. This practice is not to be commended on account of liability to confusion, but in this case the proposed amendments are easily identified, and we cannot hold that the transcript was not settled. Especially are we constrained to reach this conclusion in view of the fact that we have no statute or rule of this court prescribing the method by which the proposed corrections must be incorporated into the transcript before settlement.

The motions to dismiss the appeal and strike the transcript are denied.

Morgan, C. J., and Budge, J., concur.