(No. 4497.    April 29, 1927.)

In re SMALL CLAIMS DEPARTMENT OF THE JUSTICE COURT OF LAWRENCE JOHNSTON, a Justice of the Peace of Boise Precinct, Ada County, Idaho, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS OF ADA COUNTY, STATE OF IDAHO, Respondent.

[256 Pac. 102.]

APPEAL AND ERROR — CLERICAL ERROR IMMATERIAL — JUSTICE OF THE PEACE — SMALL CLAIMS COURT — SALARY ALLOWANCE — DISCRETION OF COUNTY COMMISSIONERS.

1. On appeal to district court from order of county commissioners disallowing claim of justice of the peace, error in stating date of order was immaterial, where it appeared that no one

was misled thereby and there was no other order in the cause, and that it was otherwise sufficiently specified in other papers and notice.

2. Under Laws 1923, chap. 177, sec. 3, allowance of salary to justice of the peace for conducting a small claims department was discretionary with board of county commissioners, since, under C. S., sec. 3710, only compensation allowed justice of the peace prior to act creating small claims courts was in form of fees.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Appeal from judgment of district court dismissing appeal from order of board of county commissioners disallowing claim of justice of the peace for moneys expended and refusing to fix any salary for conducting small claims department. *Affirmed.*

J. C. Johnston and Gustave Kroeger, for Appellant.

As the creation and organization of the "Small Claims Department in the Justice Court" is mandatory, it left no discretion with the justice of the peace to refuse "to create and organize in his justice court" a "small claims department," because the legislature used the word "shall," which is mandatory and admits of no discretion to be exercised by the justice of the peace. (Black on Interpretation of Law, p. 543, sec. 154; Sutherland on Stat. Const., p. 1149, sec. 635.)

"Where power is given by statute to a public officer in permissive language, as that he 'may' do a certain thing, the language used will be regarded as peremptory, if the public interest or individual rights require that it should be so construed." (*State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac. 189; 36 Cyc., p. 1169; *People v. Board*

Publisher's Note.

1. See 2 R. C. L. 109.

See Appeal and Error, 3 C. J., sec. 1327, p. 1226, n. 57.

Counties, 15 C. J., sec. 369, p. 656, n. 70.

Justices of the Peace, 35 C. J., sec. 28, p. 469, n. 85 New.

*of Supervisors of Livingston County,* 68 N. Y. 114; *Territory v. Nelson,* 2 Wyo. 346.)

"It was not intended by the legislature that the action of the board of commissioners should be final, or that such board might act arbitrarily, through whim or caprice." (*Reynolds v. Board of County Commrs.,* 6 Ida. 787 (791), 59 Pac. 730; *People v. Board of Supervisors,* 56 Barb. (N. Y.) 452; *People ex rel. Sherman v. Board of Supervisors,* 30 How. Pr. (N. Y.) 173; *State ex rel. Gerke v. Board of Commrs.,* 26 Ohio St. 364.)

"A discretion contained in a statute, though couched in merely permissive language, will not be construed as leaving compliance optional, when the good sense of the entire enactment requires its provisions to be deemed compulsory." (2 Sutherland, Stat. Const., p. 1150, sec. 636; p. 1151, sec. 637; *People v. Macomb County Supervisors,* 3 Mich. 475; *Supervisors v. United States,* 4 Wall. (U. S.) 435, 18 L. ed. 419.)

"Where power is given by statute to a public officer in permissive language—as that he 'may' do a certain thing—the language will be regarded as peremptory, if the public interests or individual rights require that it shall be so construed." (*Ralston v. Crittenden,* 13 Fed. 508.)

"No formal pleadings are required in presenting a claim, and the claim is not to be adjudged by the rules governing pleadings." (15 C. J., p. 649, sec. 363; *Gibson v. Sherman County,* 97 Neb. 79, 149 N. W. 107; *Thomas v. Douglas County,* 13 S. D. 520, 83 N. W. 580; *Board of Commrs. of Dubois County v. Wertz,* 112 Ind. 268, 13 N. E. 874; *Black v. Saunders County Commrs.,* 8 Neb. 440, 1 N. W. 144.)

Laurel E. Elam and Carl A. Burke, for Respondent.

The appeal was not properly prosecuted from the order of the board of county commissioners to the district court in that notice of appeal did not refer to the act, order or proceeding so as to identify it. (C. J. 1225; C. S. 3510.)

The claim of appellant for salary under chap. 177, p. 272, Sess. Laws 1923, was addressed to the discretion of the

board of county commissioners. (Sess. Laws 1923, chap. 177; 1 Words and Phrases, 4421; *Barton v. Schmershall,* 21 Ida. 562, 122 Pac. 385; *Lee v. Stevens,* 22 Ida. 673, 127 Pac. 680; *Surrage v. McKay,* 60 Utah, 117, 206 Pac. 722.)

County commissioners will not be disturbed where it is not affirmatively shown that the discretion vested in them has been abused. (*Reynolds v. Board of County Commrs.,* 6 Ida. 787, 794, 59 Pac. 730; *Gardner v. Blaine County,* 15 Ida. 698, 99 Pac. 826.)

VARIAN, District Judge.—Lawrence Johnston, a justice of the peace for Boise precinct, filed his verified claim against Ada county April 14, 1924, for services rendered in conducting a small claims department in the justice court, November 26th to April 12th, 20 weeks, in the sum of $500, together with an affidavit attached showing the amount and character of the work of the small claims department of said court, and praying that he be allowed a salary of $100 per month for conducting said small claims department.

The claim and request to have a salary fixed by the board were disallowed by the board of county commissioners on May 14, 1924. The notice of appeal to the district court was filed May 15, 1924, is appropriately entitled, and recites that the appeal is from an ''order of said Board of County Commissioners made and entered in said matter upon the 14th day of April, 1923, disallowing and rejecting and refusing to allow to said Small Claims Department and Court and to said Justice of the Peace, to-wit: Lawrence Johnston, who organized and conducted the same, the money paid out to a Clerk . . . . and in rejecting and refusing to allow said Justice of the Peace any salary for organizing and conducting said small Claims Department, etc.''

[1] The acknowledgment of service by the clerk of the board of county commissioners shows service on April 15, 1924. The respondents moved in the district court to dismiss the appeal upon several grounds, but principally for the reason that the notice of appeal specifies an appeal from an order dated April 14, 1923, and no such order appears in

the record. Appellant filed an affidavit showing that the notice of appeal was in fact served on the clerk May 14, 1924. The indorsements on the claim show that it was filed April 14, 1924, and disallowed on May 14, 1924. It is apparent that there was a clerical error in stating the date of the order in the notice of appeal. This error is immaterial, it appearing that no one has been misled thereby (*Price v. Western Loan & Savings Co.*, 35 Utah, 379, 19 Ann. Cas. 589, 100 Pac. 677), that there is no other order in the cause (*Paul v. Cragnaz*, 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540), and that the order is otherwise sufficiently specified in the other papers and notice (*Foss v. Johnstone*, 158 Cal. 119, 110 Pac. 294). (See 3 C. J., sec. 1327, p. 1225.)

"The notice refers to the judgment as having been signed and entered on the thirty-first day of August, 1918. The judgment contained in the transcript is dated Aug. 31, 1918, but was filed Sept. 4, 1918. It is plain that there was but one final judgment entered in the cause. The notice of appeal in this respect is sufficient to designate the judgment from which the appeal is taken." (*Robinson v. St. Maries Lumber Co.*, 32 Ida. 651, 186 Pac. 923.)

The questions raised by appellant's assignments of error are based upon the interpretation to be given an act of the legislature approved March 15, 1923. The portions material to a determination here read as follows:

" . . . . Said justice of the peace shall collect in advance upon each claim the sum of One dollar, and this shall be the only fee for such justice of the peace to be charged or taxed against the plaintiff in such action during the pendency or disposition of such claim; *Provided, however,* that when any small claims department shall be created and organized in any justice's district as herein provided, in which the justice is not paid a salary, he may be paid as compensation for conducting such department from the county treasury of his county, such monthly salary as the commissioners of said county shall deem just and proper." (Sess. Laws 1923, chap. 177, sec. 3, p. 273.)

It is contended that the provisions of this section are mandatory, and that the board of county commissioners *must* fix a salary for conducting the small claims department of each justice's court throughout the county.

As pointed out by counsel for appellant, this chapter relating to small claims courts was borrowed bodily from the code of the state of Washington (Wash. Sess. Laws 1919, Chap. 187, p. 579 et seq.; Remington's Compiled Statutes of Washington, 1922, vol. 1, title XII, chap. L–A, p. 941). In that state, in cities having a certain population, or over, justices of the peace draw salaries which range from $1,200 to $1,800 according to population. (Remington's Compiled Statutes of Washington, 1922, vol. 3, title XLIX, chap. III.) The only compensation allowed any justice of the peace in Idaho, prior to the act in question, was in the form of fees which he is entitled to collect and charge for his services. (C. S., sec. 3710.)

Counsel for appellant argue that the words, "may be paid as compensation," in this statute, should be construed to mean, "*must* be paid as compensation." The statute provides for the payment of a fee of one dollar, in advance, for each claim filed, which is in accord with the practice in justice's courts in Idaho, where fees are collected and allowed in lieu of salary.

"Many authorities are cited by counsel for plaintiff with reference to whether the word 'may' in a statute is to be construed as mandatory, and such authorities are recognized as stating the law upon the question, but, as we understand, the construction to be applied to this statute is that 'statutes will be construed with a view to ascertain the intent of the law-making power and to give force and meaning to the language used.' " (*Barton v. Schmershall*, 21 Ida. 562, 122 Pac. 385, quoting from *Idaho Mutual Co-operative Ins. Co. v. Myer*, 10 Ida. 294, 77 Pac. 628.)

See, also, *Lee v. Stevens*, 22 Ida. 673, 127 Pac. 680.

The language of the statute under consideration is clear, and the manifest intention of the legislature was to vest in the board of county commissioners discretion to fix a salary,

in addition to the fees collected by the justice of the peace, for conducting a small claims department in his court.

It has been held that where the statute empowers the board of county commissioners to fix salaries, it is vested with discretion in so acting, and—

"The question is not what we think these salaries ought to be or what the able trial judge thought they should be, but is rather, all the circumstances being considered, whether the order of the board clearly exceeded the bounds of reason and constituted such an abuse of power as to show that the board failed to exercise legal discretion." (*Criddle v. Board of Commissioners*, 42 Ida. 811, 248 Pac. 465.)

[2]    We are of the opinion that the allowance of a salary was discretionary with the board of county commissioners, and where no salary has been fixed by the board any claim for services, in conducting a small claims court, is not a valid claim against the county. There was no abuse of discretion in declining to allow appellant a monthly, or any, salary, and the claim for services was properly disallowed.

The judgment of the lower court is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., and McNaughton, C., concur.

Budge, J., took no part.

Givens, J., disqualified.