Lawrence Johnston, a justice of the peace for Boise precinct, filed his verified claim against Ada county April 14, 1924, for services rendered in conducting a small claims department in the justice court, November 26th to April 12th, 20 weeks, in the sum of $500, together with an affidavit attached showing the amount and character of the work of the small claims department of said court, and praying that he be allowed a salary of $100 per month for conducting said small claims department.
The claim and request to have a salary fixed by the board were disallowed by the board of county commissioners on May 14, 1924. The notice of appeal to the district court was filed May 15, 1924, is appropriately entitled, and recites that the appeal is from an "order of said Board of County Commissioners made and entered in said matter upon the 14th day of April, 1923, disallowing and rejecting and refusing to allow to said Small Claims Department and Court and to said Justice of the Peace, to-wit: Lawrence Johnston, who organized and conducted the same, the money paid out to a Clerk . . . . and in rejecting and refusing to allow said Justice of the Peace any salary for organizing and conducting said small Claims Department, etc."
The acknowledgment of service by the clerk of the board of county commissioners shows service on April 15, 1924. The respondents moved in the district court to dismiss the appeal upon several grounds, but principally for the reason that the notice of appeal specifies an appeal from an order dated April 14, 1923, and no such order appears in *Page 232 
the record. Appellant filed an affidavit showing that the notice of appeal was in fact served on the clerk May 14, 1924. The indorsements on the claim show that it was filed April 14, 1924, and disallowed on May 14, 1924. It is apparent that there was a clerical error in stating the date of the order in the notice of appeal. This error is immaterial, it appearing that no one has been misled thereby (Price v. Western Loan SavingsCo., 35 Utah, 379, 19 Ann. Cas. 589, 100 P. 677), that there is no other order in the cause (Paul v. Cragnaz, 25 Nev. 293,59 P. 857, 60 P. 983, 47 L.R.A. 540), and that the order is otherwise sufficiently specified in the other papers and notice (Foss v. Johnstone, 158 Cal. 119, 110 P. 294). (See 3 C. J., sec. 1327, p. 1225.)
"The notice refers to the judgment as having been signed and entered on the thirty-first day of August, 1918. The judgment contained in the transcript is dated Aug. 31, 1918, but was filed Sept. 4, 1918. It is plain that there was but one final judgment entered in the cause. The notice of appeal in this respect is sufficient to designate the judgment from which the appeal is taken." (Robinson v. St. Maries Lumber Co., 32 Idaho 651,186 P. 923.)
The questions raised by appellant's assignments of error are based upon the interpretation to be given an act of the legislature approved March 15, 1923. The portions material to a determination here read as follows:
". . . . Said justice of the peace shall collect in advance upon each claim the sum of One dollar, and this shall be the only fee for such justice of the peace to be charged or taxed against the plaintiff in such action during the pendency or disposition of such claim; Provided, however, that when any small claims department shall be created and organized in any justice's district as herein provided, in which the justice is not paid a salary, he may be paid as compensation for conducting such department from the county treasury of his county, such monthly salary as the commissioners of said county shall deem just and proper." (Sess. Laws 1923, chap. 177, sec. 3, p. 273.) *Page 233 
It is contended that the provisions of this section are mandatory, and that the board of county commissionersmust fix a salary for conducting the small claims department of each justice's court throughout the county.
As pointed out by counsel for appellant, this chapter relating to small claims courts was borrowed bodily from the code of the state of Washington (Wash. Sess. Laws 1919, Chap. 187, p. 579 et seq.; Remington's Compiled Statutes of Washington, 1922, Vol. 1, title XII, chap. L-A, p. 941). In that state, in cities having a certain population, or over, justices of the peace draw salaries which range from $1,200 to $1,800 according to population. (Remington's Compiled Statutes of Washington, 1922, vol. 3, title XLIX, chap. III.) The only compensation allowed any justice of the peace in Idaho, prior to the act in question, was in the form of fees which he is entitled to collect and charge for his services. (C. S., sec. 3710.)
Counsel for appellant argue that the words, "may be paid as compensation," in this statute, should be construed to mean, "must be paid as compensation." The statute provides for the payment of a fee of one dollar, in advance, for each claim filed, which is in accord with the practice in justice's courts in Idaho, where fees are collected and allowed in lieu of salary.
"Many authorities are cited by counsel for plaintiff with reference to whether the word 'may' in a statute is to be construed as mandatory, and such authorities are recognized as stating the law upon the question, but, as we understand, the construction to be applied to this statute is that 'statutes will be construed with a view to ascertain the intent of the law-making power and to give force and meaning to the language used.' " (Barton v. Schmershall, 21 Idaho 562, 122 P. 385, quoting from Idaho Mutual Co-operative Ins. Co. v. Myer,10 Idaho 294, 77 P. 628.)
See, also, Lee v. Stevens, 22 Idaho 673, 127 P. 680.
The language of the statute under consideration is clear, and the manifest intention of the legislature was to vest in the board of county commissioners discretion to fix a salary, *Page 234 
in addition to the fees collected by the justice of the peace, for conducting a small claims department in his court.
It has been held that where the statute empowers the board of county commissioners to fix salaries, it is vested with discretion in so acting, and —
"The question is not what we think these salaries ought to be or what the able trial judge thought they should be, but is rather, all the circumstances being considered, whether the order of the board clearly exceeded the bounds of reason and constituted such an abuse of power as to show that the board failed to exercise legal discretion." (Criddle v. Board ofCommissioners, 42 Idaho 811, 248 P. 465.)
We are of the opinion that the allowance of a salary was discretionary with the board of county commissioners, and where no salary has been fixed by the board any claim for services, in conducting a small claims court, is not a valid claim against the county. There was no abuse of discretion in declining to allow appellant a monthly, or any, salary, and the claim for services was properly disallowed.
The judgment of the lower court is affirmed, with costs to respondent.
Wm. E. Lee, C.J., and Taylor and T. Bailey Lee, JJ., and McNaughton, C., concur.
Budge, J., took no part.
Givens, J., disqualified. *Page 235